ETHRIDGE, Chief Justice:
ON APPELLEES’ MOTION TO STRIKE APPELLANT’S ABSTRACT OR ABRIDGMENT OF RECORD
Appellant has filed his brief on the merits and abstract or abridgment of the record, as required by Supreme Court Rule 41. Appellees have filed their brief and abstract. The present motion is one by ap-pellees to strike appellant’s abstract; yet appellees agree with appellant that there is no dispute about the facts of the case. The motion to strike points out seven “defects” in appellant’s abstract, and states that since these items are “defects,” this Court should strike it.
Rule 41, adopted in recent months, states that it shall apply to all cases in which the record is filed after September 1, 1970, which includes this case. Paragraph (a) provides generally that where the record contains over 500 pages, the appellant shall make and file with his brief an abstract or abridgment of the record. It shall consist of an impartial condensation, without comments or emphasis, of only such material parts of the record in the trial court as are necessary for a clear understanding of the questions presented to this Court. Paragraph (b) then provides:
If appellee considers appellant’s abstract to be defective or insufficient he may, at his option, submit with his brief a supplemental abstract which shall be prepared generally as set out in Paragraph (a) insofar as is practical, and shall point out wherein appellant’s abstract is defective or insufficient, with appropriate references to pages in the record. Ap-pellee’s supplemental abstract shall not repeat those parts of appellant’s abstract not claimed to be defective or insufficient.
Since appellee filed no brief in support of its motion, it might well be dismissed for failure to comply with Rule 16. However, because this is the first opportunity this *872 Court has had to comment on Rule 41, we consider the motion and overrule it.
Paragraph (b) of Rule 41 contemplates that objections such as appellees have made should be presented by the filing of a supplemental abstract. Under the plain language of Rule 41(b), appellees’ remedy for any alleged defects or insufficiencies in the appellant’s abstract or abridgment of record is the filing of a supplemental abstract, but not repeating those parts of appellant’s abstract “not claimed to be defective or insufficient.”
The purposes of Rule 41 were to obviate the need for the judges reading those parts of the record which have no bearing on the issues raised on appeal, to give the Court a more accurate version of factual differences between the parties, and to make more efficient the administration of justice in this Court. If a motion of this nature should be allowed, this Court must undertake, the task of reading all or most of the record, including parts which are wholly immaterial to the issues, in order to determine if the defects are real or imagined, and if real, whether they are of sufficient magnitude to warrant striking the entire abstract. Hence the filing of a motion to strike an abstract or abridgment of record under Rule 41 would have the effect of defeating the purposes of the rule. We hold that a motion to strike an abstract or abridgment of record under Rule 41 does not lie and will not be considered by the Court. Appellees here and in all cases are amply protected against any appellant’s abstract which may be “defective or insufficient” by the provisions of paragraph (b), by which appellees can point out the defects or insufficiencies in the appellant’s abstract.
Appellees’ motion to strike appellant’s abstract or abridgment of record overruled.
All Justices concur, except GILLESPIE, P. J., who took no part.