ROBERTSON, Justice:
ON MOTION
The appellee, State of Mississippi, through its Attorney General, has filed a Motion in this Court to:
1. Strike a 36-page appendix to the brief of appellant;
2. Require appellant to revise and reduce its 81-page brief to 75 pages to conform with the requirements of Rule 7(c) of this Court’s Rules, as amended by Order of this Court allowing 25 additional pages; and
3. Require appellant to prepare and file a proper abstract of the record as required by Rule 41 of this Court.
Our attention being invited to these instruments, we have carefully examined all of them.
The 36-page appendix filed by the appellant is clearly an attempt by the appellant to extend the 75-page limitation placed on appellant’s briefs. The appendix will be removed from the Court file and returned to appellant.
The appellant’s brief without the appendix is still 81 pages long, in violation of Rule 7(c) (which limits appellant’s original and rebuttal briefs together to not more than 50 pages) and the Order of this Court allowing an additional 25 pages. Appellant’s brief will be returned to his counsel, Hon. R. Jess Brown, with instructions to strictly comply with the requirements of Rule 7(c) as enlarged by Order of this Court, so that both appellant’s original and rebuttal briefs will not exceed 75 pages.
The abstract of the Record filed by appellant is as follows:
ABSTRACT
The Appellant files copies of the last eight pages of the voir dire examination and the instructions submitted to the *12 trial court in this case and further submits Volumes 1, 2, and 3 in their entirety as the record to be considered by the Court.
James E. Winfield
R. Jess Brown
Attorneys for Appellant
By /s/R. Jess Brown
This Abstract in no wise complies with Rule 41 of this Court, the pertinent part of which provides:
‘Abstract or abridgement of record required where record exceeds 500 pages.
“(a) In all cases where the record contains over 500 pages, the appellant shall (and in all other cases the appellant may at his option) make and file with his brief an abstract or abridgment of the record which shall consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary for a clear understanding of all questions presented to this Court for decision. The abstract shall contain references to the pages of the record. When testimony is abstracted, the first person shall be used. Whenever a map, plat, photograph, or other exhibit must be examined for an understanding of the testimony, the appellant should reproduce such exhibit by photography or other process when practical to do so and insert it at the appropriate place in the abstract.” (Emphasis added).
The Record in this case consists of five regular volumes and one supplemental volume containing 887 pages.
The appellant is granted 30 days from the date this opinion is handed down to file a proper abstract of record and a proper brief.
The appellee is granted 20 days from the filing of the brief of appellant and appellant’s abstract of the record within which to file its brief.
Motion sustained.
This motion was considered by a conference of the judges en banc.
All Justices concur.