ON MOTION
GILLESPIE, Chief Justice:
Appellant has filed a motion to strike appellee’s abridgment of the record and to require amended brief. The motion and brief show that an abridgment of the record was prepared and filed by appellant pursuant to the provisions of Supreme Court Rule 41. It is shown that, instead of pointing out wherein appellant’s abridgment was defective or insufficient and supplementing that abridgment wherein it was defective or insufficient, appellee filed a separate abridgment. The motion shows, and the appellee does not dispute, that she wrote her brief and made references to the pages of the abridgment prepared by her.
Neville v. Kelso, 242 So.2d 871 (Miss.1970), held that a motion to strike an abstract or abridgment of the record under *298 Rule 41 would not lie and would not be considered by the Court. However, that case dealt with an abstract or abridgment prepared by appellant and not a counter abstract or abridgment prepared by appel-lee, as in this case. In Stevenson v. State, 312 So.2d 10 (Miss.1975), the Court ordered appellant to prepare and file a proper abstract and brief.
Supreme Court Rule 41 amply protects appellee by giving her the right to submit a supplemental abstract or abridgment in the event she determines that the abridgment filed by appellant in this case is defective or insufficient. In the absence of such finding by appellee and an affirmative showing wherein the abstract or abridgment prepared by appellant is defective or insufficient, appellee is not required by the rule, or should be permitted, to file a counter abstract or abridgment. Such duplication, as is present in this case, if permitted, would defeat the purposes for which Rule 41 was adopted. This fact is emphasized by appellee using her own abridgment for points of reference in her brief.
Since the adoption of Supreme Court Rule 41, and compliance therewith through the years, the Court has been impressed with the fact that in cases where abstracts or abridgments have been required, the attorneys for the parties have consistently shown greater concentration on the decisive issues involved in their cases. This improvement has resulted in better briefs and better oral arguments which have been of considerable benefit to the Court in reaching just results in those cases. For that reason the Court has recently amended Rule 41 to require an abstract or abridgment in all cases appealed to this Court wherein the record is filed on or after November 1, 1975.
The motion of appellant to strike the abstract or abridgment of record filed by ap-pellee is sustained, and the abridgment and brief filed by appellee are ordered to be returned to her attorney. Appellee is granted thirty (30) days from the date this opinion is i handed down within which to file a supplemental abstract or abridgment concerning any matter wherein she deems the abridgment prepared by appellant to be defective or insufficient and to prepare and refile her brief so as to refer to the abridgment of the record prepared by appellant and her supplemental abstract or abridgment, if any.
All Justices concur.