SUGG, Justice, for the Court:

ON MOTION TO DISMISS APPEAL

This case is before us on the second motion of appellees to dismiss the appeal or, in the alternative, to require appellants to file a proper abstract or abridgment of the record (hereinafter abstract) in accordance with Miss.Sup.Ct. Rule 41.
Appellants filed as a part of their brief a three page “Statement of Facts” and a three page “Introduction.” The statement *1223 of facts and introduction are the same except the statement of facts contains a short paragraph not included in the introduction.
Appellees’ first motion to dismiss the appeal, or, in the alternative, to require appellants to file a proper abstract and proper brief was disposed of as follows: “Motion to dismiss appeal overruled; motion to strike abstract of record sustained and appellant granted fifteen days to file abstract of record in compliance with Miss.Sup.Ct. Rule 41.”
Following the action of the Court appellants filed a document entitled “Abstract” which is a copy of the portion of his brief designated “Statement of Facts.” Appel-lees then filed the motion now before the Court. The abstract now filed does not comply with Rule 41. It does not contain an impartial condensation of the material parts of the pleadings, proceedings, facts, documents and other matters in the record necessary for a clear understanding of all questions presented to the Court for decision. No effort was made to abstract the testimony of any of the witnesses.
We have three cases dealing with abstracts and supplemental abstracts. See Litton Systems v. Burrows, 321 So.2d 297 (Miss.1975); Stevenson v. State, 312 So.2d 10 (Miss.1975); Neville v. Kelso, 242 So.2d 871 (Miss.1970). In Neville we held that a motion to strike an abstract will not lie and will not be considered in view of the fact that appellees who are dissatisfied with an appellant’s abstract of record, may file a supplemental abstract. Another reason stated in Neville for not considering motions to strike an abstract was that, if a motion to strike should be allowed, the Court would be required to read all or most of the record to determine if the abstract was proper, thus defeating the purpose of the rule.
In Stevenson we entertained a motion to file a proper abstract because the abstract of appellant failed to comply with Rule 41. In this case we stated that appellant’s abstract, “in no wise complies with Rule 41,” and required appellant to file a proper abstract. The abstract was a total departure from Rule 41 and this fact was apparent without referring to the record.
In Litton Systems we sustained a motion to strike a supplemental abstract holding that Neville, supra, dealt with an abstract prepared by appellant and not to a counter abstract prepared by appellee. Appellee filed a counter abstract without pointing out wherein appellant’s abstract was defective or insufficient. The deficiency of the supplemental abstract was apparent without the necessity of examining the record.
When our cases are compared, it is apparent that we have modified the rule in Neville, supra, without so stating. We have entertained motions to strike an abstract or motions to require a proper abstract where the defect or deficiency of the abstract was clearly apparent on the face of the abstract. We therefore acknowledge that Neville has been modified and we will entertain a motion to require appellant to file a proper abstract under Rule 41 if the deficiency in the abstract is apparent on the face of the abstract without requiring an examination of the record. We will also entertain a motion to dismiss an appeal if appellant does not file an abstract or if the abstract filed is so deficient it amounts to no abstract if such fact can be ascertained from the abstract itself without necessitating an examination of the record.
Neville should be modified because since Neville was decided, Rule 41 has been amended to provide for dismissal of an appeal when appellant fails to file an abstract. There is no difference in failing to file an abstract and filing one so deficient that it amounts to no abstract.
Another reason for modifying the rule in Neville is that appellant should not be permitted to shift the burden of preparing a proper abstract to the appellee under Rule 41(b). Appellant is required to make a good faith effort to file an abstract that complies with Rule 41. If there is a need for a supplemental abstract, it should not be a complete abstract of the whole record, but it should only supply the omissions in appellant’s abstract and point out any incorrect statements in appellant’s abstract.
*1224 In some cases where appellee cross appeals a supplemental abstract will be necessary. Appellant should abstract the record with reference to issues on direct appeal and cross appellant with reference to issues on cross appeal. In many cases the issues raised on cross appeal will be so intertwined that appellant’s abstract will of necessity include the part of the record necessary for proper consideration of the cross appeal.
For example, in a case where appellee has recovered a judgment for damages in a personal injury suit and one of the grounds of the direct appeal is that the verdict of the jury is excessive, and appellee cross appeals on the ground that the verdict of the jury is inadequate, it naturally follows that the abstract prepared by appellant would include all testimony with reference to damages. On the other hand, if appellant did not appeal on the question of excessive damages but appellee did appeal on the question of inadequacy of damages, it would be proper for appellant to omit any reference to evidence pertaining to dam.ages. Appellee on cross appeal would file a supplemental abstract covering the evidence on the question of damages.
There seems to be some misunderstanding about the contents of an abstract. We therefore deem it necessary to give some general directions about the preparation of an abstract in an effort to clear up the confusion that apparently exists and to insure uniformity in abstracts.
Following is an outline of the contents of an abstract in a typical tort case appealed from circuit court:
I. PLEADINGS
DECLARATION OF PLAINTIFF
ANSWER OF DEFENDANT'OR DEFENDANTS
PROCESS (IF AT-ISSUE ON APPEAL)
II. TRIAL
A. MOTIONS HEARD SEPARATELY
MOVANT’S EVIDENCE ON MOTION
1. General exhibits and stipulations
2. James Smith, defendant RESPONDENT’S EVIDENCE ON MOTION
1.Robert Jones, plaintiff •
RULINGS OF COURT ON MOTION.
B. PLAINTIFF’S DIRECT CASE.
1. General exhibits and stipulations Plat of scene of accident
2. Robert Jones, Plaintiff
Exhibits 1, 2, 3 Photographs
3. John Doe, eyewitness
4. Richard Sanford, examining physician
MOTION FOR DIRECTED VERDICT AND RULING OF COURT
(ONLY IF AT ISSUE ON APPEAL)
DEFENDANT’S CASE
1. General exhibits and stipulations
2. James Smith, defendant
3. Charles Turley, eyewitness
4. William Cartledge, medical expert PLAINTIFF’S REBUTTAL
(Here list witnesses as above)
REQUEST FOR PEREMPTORY INSTRUCTION AND RULING OF COURT
(Only if at issue on appeal)
INSTRUCTIONS
(If at issue, give instruction, objection and ruling of court)
VERDICT OF JURY AND JUDGMENT
III.POST JUDGMENT PROCEDURES MOTIONS
1. Judgment n. o. v.
2. New trial
3. Additur or remittitur
(Any other post judgment motions should be included if at issue on appeal)
Of course, the outline suggested above would have to be varied to conform to other cases. For an example, an abstract in a workmen’s compensation case or from an administrative agency, or a criminal case, or *1225 a chancery court ease should be varied to show the pleadings, motions and evidence in the particular case on appeal. Each abstract should be indexed similar to the outline above. Following are more detailed directions with reference to the contents of the three parts of an abstract.
The first part of the abstract should be a narrative summary of the pleadings in the case. The pleadings should not be copied in full, but condensed to show the allegations of the plaintiff and answer of the defendant, including affirmative defenses and matters pled in bar, if any.
The second part of the abstract should summarize the trial proceedings through the judgment. If any motions or other matters were heard separate from .the case in chief, and such matters are at issue on appeal, they should be included at the beginning of Part II.
The rule provides that the first person[1] shall be used in abstracting the testimony of witnesses. This simply means that the name of the witness should be stated and his testimony summarized in narrative form. See footnote (1) for an example.
The rule also requires:
Whenever a map, plat, photograph, or other exhibit must be examined for an understanding of the testimony, the appellant should reproduce such exhibit by photography or other process when practical to do so and insert it at the appropriate place in the abstract.
If a photograph is included it would be helpful to include a notation stating the subject matter of the photograph and the direction the camera was pointing so that when we examine the photograph we would be properly oriented. Maps and plats should -have directions shown on them for the same reason. If lengthy exhibits such as contracts, insurance policies or other documents are included in the abstract and only one or two provisions of the instrument are at issue, the abstract should not contain a copy of the complete instrument, but should include only the portion which deals with the question at issue on appeal. In some cases it may be necessary to copy some instruments in full for a proper understanding of the issues on appeal.
The third part of the abstract should deal with proceedings after the judgment if at issue on appeal. This would include, but not be limited to, motions for judgments n. o. v., motions for a new trial, motions for an additur or remittitur, renewal of motions for continuance, or any other relevant proceeding following judgment where appellant contends the trial court erred with respect thereto.
Finally, we stress that an abstract must be an impartial condensation of the record without comment or emphasis. Attorneys may comment and argue in their briefs, but not in an abstract. The primary purpose of an abstract is to reduce the entire trial record so that the material matters necessary for a decision on appeal will be presented fairly and impartially.
Rule 41(a) requires that the abstract refer to the pages of the record. Under Rule 7(d) the briefs must refer to the abstract rather than the record and at the option of *1226 the briefing party, may also refer to the record; however, in no event, should the brief refer to the record only.
In the case at bar appellants were directed to file a proper abstract but because the rule requiring abstracts in all cases is relatively new and the abstracts filed since the amendment to the rule have not generally followed the outline herein set forth, we are of the opinion that justice will be served by allowing appellants fifteen days to file a proper abstract and brief.
MOTION TO DISMISS APPEAL DENIED AND APPELLANTS GRANTED FIFTEEN DAYS TO FILE ABSTRACT AND BRIEF.

. The testimony of a witness in a tort case based on an intersection collision could be summarized in the following manner:
JOHN DOE
My name is John Doe and I reside in Jackson, Mississippi. I am 46 years of age and an accountant by profession. (R.20). On January 1, 1976 I witnessed a collision at the intersection of First Avenue and Second Street. I was proceeding north on Second Street and stopped for a traffic signal at the intersection. The traffic signal facing me was red. (R.21). Plaintiff was proceeding west in his lane of traffic on First Avenue and drove into the intersection. Defendant was traveling south on Second Street in his lane of traffic, entered the intersection, and his automobile struck the plaintiff’s automobile about the middle of the right side of plaintiff’s automobile. (R.22).
CROSS-EXAMINATION
I could not see the color of the traffic light that faced the plaintiff as he approached the intersection, neither could I see the color of the traffic light that faced the defendant when he approached the intersection. (R.23).
REDIRECT EXAMINATION
I could see the traffic signal facing me as I approached the intersection from the south. I stopped at the traffic light facing me because it was red. (R.24).