ON MOTION TO REQUIRE APPELLANT TO FILE A PROPER ABSTRACT OF THE RECORD
SUGG, Justice,
for the Court:
Appellee moved that appellant be required to prepare and file an abstract of the record in conformity with Supreme Court Rule 41 as interpreted in Hamilton v. Poteet, 343 So.2d 1222 (Miss.1977). The grounds of the motion are: the abstract does not comply with Rule 41 because the first person was not used in abstracting the testimony of witnesses, and the abstract omits much testimony favorable to the ap-pellee. The record in this case consists of five volumes of seven hundred seventy six pages and the abstract is five pages in length.
At the outset, we emphasize that Rule 41 does not require an abstract of the entire record but only of such material parts of the record necessary for a clear understanding of the questions presented to the Supreme Court for decision. If a cross-appeal is filed, cross-appellant has the duty to abstract the material parts of the record necessary for a clear understanding of the questions presented for decision by the cross-appeal. In this case the assignments of error are:
I.The court erred in arraigning the defendant in vacation over the objections of the defendant.
II. The court erred in refusing to grant the defendant’s motion for a change of venue.
III. The court erred in admitting into evidence, the alleged confessions of the defendant.
Appellant is only required by Rule 41 to abstract the material part of the record necessary for a clear understanding of the issues raised by his assignments of error. It is entirely possible that a five page abstract might be sufficient in the present case; however, we sustain the motion because the testimony of witnesses relating to the second and third assignments of error has not been abstracted in the first person.
Experience has demonstrated that the abstracts which are most helpful are those which are prefaced by an index. An index is helpful, not only to the Court, but also to attorneys for the appellant and the appel-lee. Accordingly, we amended Rule 41 to require that each abstract be prefaced by a comprehensive index of its contents, and deleted the requirement that the abstract contain copies of exhibits. The amended rule follows:
ABSTRACT OR ABRIDGMENT OF RECORD REQUIRED
(a) In all cases, the appellant shall make and file with his brief an abstract or abridgment of the record which shall consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary for a clear understanding of all questions presented to this Court for decision. The abstract shall contain references to the pages of the record. When testimony is abstracted, the first person shall be used. Whenever a map, plat, photograph, or other exhibit must be examined for an understanding of the testimony, the appellant shall not be required to reproduce such exhibit but shall refer to the page of the transcript of the record where the *915 exhibit appears. Each abstract shall be prefaced with a comprehensive index of its contents. Appellant’s failure to file an abstract or abridgment of the record shall be cause for dismissal of the appeal.
(b) If the appellee considers appellant’s abstract to be defective or insufficient he may, at his option, submit with his brief a supplemental abstract which shall be prepared generally as set out in Paragraph (a) insofar as is practical, and shall point out wherein appellant’s abstract is defective or insufficient, with appropriate references to pages in the record. Appel-lee’s supplemental abstract shall not repeat those parts of appellant’s abstract not claimed to be defective or insufficient.
(c) The abstract, and any supplemental abstract, may be included in the brief of the party filing it, and this section shall not contain any argument or editorializing. Any argument on the facts shall be contained in other parts of the brief. The pages containing appellant’s abstract of the record and appellee’s supplemental abstract shall not be counted for purposes of the fifty-page limitation on the length of briefs.
For the reasons stated, the motion is sustained and appellant is required, within 30 days, to file an abstract in accordance with Rule 41 prefaced by a comprehensive index.
MOTION SUSTAINED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and HAWKINS, JJ., concur.
BOWLING, J., took no part.