516 So.2d 227 (1987)
Edward E. SANFORD d/b/a Sanford's Studio and Sanford Photography
v.
JACKSON MALL SHOPPING CENTER COMPANY, a Partnership.
No. 56024.
Supreme Court of Mississippi.
November 25, 1987.
John Arthur Eaves, Eaves & Eaves, Jackson, for appellant.
Gee Ogletree, Young, Scanlon & Sessums, Brandon, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
DAN M. LEE, Presiding Justice, for the Court:
On December 27, 1971, Sanford and Jackson Mall entered into a lease which allowed Sanford to operate a photography studio in the Jackson Mall in Jackson, Mississippi. The lease was for a term of ten years plus a partial lease year, if any, prior to the first lease year. Mr. Sanford claims he began occupation of the premises sometime in January of 1972 and that he vacated the premises on December 31, 1982, believing that his lease term had expired. Jackson Mall contends that the lease year did not expire until the end of July 1982; therefore, Jackson Mall filed a complaint against Sanford in the County Court of the First Judicial District of Hinds County, Mississippi, alleging that Sanford had breached his lease by failing to pay rent from February 1982 through July 1982. Sanford filed a motion to dismiss the complaint on August 16, 1982. Jackson Mall filed a motion for summary judgment on April 14, 1983. Hearing on Jackson Mall's motion for summary judgment was set for May 6, 1983, but counsel for Jackson Mall failed to appear for argument. The county court judge denied Jackson Mall's motion for summary judgment because its counsel failed to appear. Jackson Mall then filed a motion on May 9, 1983, to vacate the denial of the summary judgment and to reconsider the motion for summary judgment. On May 12, 1983, Sanford filed his notice of hearing on his motion to dismiss. On June 2, 1983, the county court denied Jackson Mall's motion for summary judgment and granted Sanford's motion to dismiss. That order constituted final judgment on those two motions. Jackson Mall appealed to the *228 Circuit Court of Hinds County. At a hearing, that court reversed the order of the County Court; denied Sanford's motion to dismiss; granted Jackson Mall's motion for summary judgment; and entered judgment in favor of Jackson Mall. Mr. Sanford appeals that judgment to this Court assigning four errors:
I. THE COURT ERRED IN REVERSING THE ORDER OF THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI, DATED JUNE 2, 1983.
II. THE COURT ERRED IN DENYING THE MOTION TO DISMISS FILED BY EDWARD E. SANFORD, D/B/A SANFORD'S STUDIO AND SANFORD PHOTOGRAPHY.
III. THE COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY JACKSON MALL SHOPPING CENTER COMPANY, A PARTNERSHIP.
IV. THE COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF JACKSON MALL SHOPPING CENTER COMPANY, A PARTNERSHIP AGAINST EDWARD E. SANFORD, D/B/A SANFORD STUDIO AND SANFORD PHOTOGRAPHY.
On December 27, 1971, Sanford and Jackson Mall, Inc. entered into a lease agreement which allowed Sanford to operate a photography studio in the Jackson Mall in Jackson, Mississippi. Both the cover page of the lease and the first page of the lease agreement reflect the December 27, 1971, date. Mr. Sanford also received a letter from the supervisor of billing adjustments for Jackson Mall sometime during the lease term which indicates that the lease was dated December 27, 1971. The lease was for a term of ten years plus any partial lease years. A lease year is defined by the lease agreement to mean a period of 12 consecutive calendar months, the first lease year commencing on the first day of January next following the commencement date of the lease term, and each succeeding lease year was to commence on January 1 of each calendar year thereafter. Any portion of the lease term which was less than a lease year was to be deemed a partial lease year. There is also a clause in the lease which says that the lease becomes effective only upon execution and delivery thereof by landlord and tenant.
Mr. Sanford claims that he paid rent on the premises beginning December 27, 1971, as evidenced by his affidavit and the letter from Jackson Mall's supervisor of billing adjustment. Mr. Sanford also claims that he opened for business during the first few days of January 1972, and that he began taking photographs almost immediately. Mr. Sanford vacated the premises at the end of December 1982, claiming to have paid rent for the full ten-year lease term.
Jackson Mall contends that the lease was not executed by Mr. Sanford until January 3, 1972, and by Jackson Mall on January 7, 1972. The affidavit of the general manager of Jackson Mall Shopping Center states that Sanford did not open for business until August 2, 1972, when he completed "tenant's work," and that Sanford's use of the leased premises from August 2, 1972 through December 31, 1972, constituted a "partial lease year." Therefore, according to Jackson Mall, the first full lease year of the ten-year term did not begin until January 1, 1973, and the ten years of the lease did not expire until December 31, 1982. Jackson Mall argues, however, that even if Mr. Sanford opened for business on January 3, 1972, 1972 was still a partial lease year since he did not open for business on January 1 of 1972. For this reason, Jackson Mall argues, the lease did not expire until December 31, 1982, that Sanford breached the lease by leaving on December 31, 1981, and that Sanford owes Jackson Mall another year's rent. Mr. Sanford claims that January 3, 1972, was the first official business day of 1972.
Mr. Sanford's four assignments of error deal with the same argument, that the Circuit Court erred when it reversed the county court's judgment and granted Jackson Mall's motion for summary judgment and denied his motion to dismiss.
In his argument, Mr. Sanford alleges that summary judgment was not proper in *229 this case because there were several genuine issues of material fact in dispute. We agree.
In the first place, the affidavits of Sanford and the general manager of Jackson Mall show a direct conflict as to the central issue in this suit: when was the first full lease year and when was the partial lease year. The general manager states that Sanford opened for business on August 2, 1972, and that the use of the premises before August 2, 1972, was "Tenant's Work Period." On the other hand, Sanford states that he paid rent on December 27, 1971, and opened for business on January 3, 1972, the first official business day of 1972.
Jackson Mall contends that the lease unambiguously responds to the issue of when the partial lease year ended and when the first full lease year began by pointing to three definitional terms in the lease which expressly define a lease year as beginning on January 1, expressly define a partial lease year as "from the date that the term of this lease begins through the following December 31," and provide that the lease becomes effective on execution and delivery by Landlord and Tenant.
The issue, however, turns on when Sanford actually occupied the premises and opened for business. This question is not answered by the lease. It is a factual question; it is a material question in resolving this dispute; it is a question about which there is a direct conflict in the evidence offered by the parties.
Related to the central issue about the partial lease year and the first full lease year is the question of when the lease agreement became effective. Mr. Sanford alleges that the lease was effective when he accepted the lease, which was December 27, 1971. He argues that December 27, 1971, is clearly typed on the lease in two prominent places; on the cover and on the page entitled Article I. Mr. Sanford also points to the letter sent to him by the supervisor of billing adjustments which indicates that his lease was dated December 27, 1971. If the lease became effective December 27, 1971, and if Mr. Sanford opened for business on January 3, 1972, the first official business day of the year, then, according to the terms of the lease, the partial lease year ran from December 27-31, 1971. The first full lease year began January 1, 1972.
Jackson Mall responds by arguing that the date December 27, 1971, typed on the face of the lease has no effect as to the determination of the commencement date of the lease because the parties expressly agreed within the lease as to when it would become operational by including the definition of a lease year, the definition of a partial lease year and by stating that the lease was to become effective upon execution by the parties. If, then, as Jackson Mall contends, the lease became effective on January 7, 1972, after both parties "executed" the lease, then Mr. Sanford could only officially open for business after that date. According to the terms of the lease, the rest of 1972 would constitute a partial lease year.
There is ambiguity in the document, however, as to when the lease was actually "executed." The lease says at the end of the document that "Landlord and Tenant have hereunto executed this Lease as of the day and year first above written." December 27, 1971, is the date "above written." The next page shows that each party executed the lease on January 3 and January 7, 1972. When these two parties intended the lease to take effect is, again, a material question of fact which is in dispute and which is not unambiguously answered by the lease agreement.
In determining whether the Circuit Court correctly granted Jackson Malls' summary judgment, we must look to M.R.C.P. 56. The seminal case in Mississippi on Rule 56 is Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). In that case, we first pointed out the Advisory Committee's comments which state that
A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the Court cannot *230 try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried.
Id. at 362. Next, this Court outlined the procedure the trial courts must follow before granting a motion for summary judgment. They must "review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." and the evidence must be viewed "in the light most favorable to the party against whom the motion has been made." Id. Only if the moving party is entitled to summary judgment as a matter of law should one be entered. Finally, we cautioned the trial courts that if there is any doubt as to whether or not there is a genuine issue of material fact, the trial court should err on the side of denying a motion for summary judgment. Id. at 363. See also, Comments to Rule 56.
We have also stated the principle that in construing a contract, "the instrument as a whole will be looked to and its meaning determined from the entire agreement as written in order to ascertain the intentions of the parties from the contract." Mitchell v. Eagle Motor Lines, 228 Miss. 214, 226, 87 So.2d 466, 469 (1956). See also, Pfisterer v. Noble, 320 So.2d 383, 384 (Miss. 1975) ("in construing a written instrument, the task of the courts is to ascertain the intent of the parties from the four corners"); Robinson v. Martel Enterprises, Inc., 337 So.2d 698, 701 (Miss. 1976) ("[T]he Court will look only to the `four corners' of the instrument to ascertain and give effect to the intention of the parties").
The effect of this lease on these two parties, however, is unclear from the four corners of the document. This Court stated in Dennis v. Searle, 457 So.2d 941 (Miss. 1984), that "where the contract is ambiguous and its meaning uncertain, questions of fact are presented which are to be resolved by the trier of the facts after plenary trial on the merits" and that "[t]he interpretation of an unclear contract generally involves questions of fact sufficient so that our summary judgment procedure will be an inappropriate vehicle for final decision." Id. at 945.
We, therefore, find that the circuit court improperly reversed the county court's denial of Jackson Mall's motion for summary judgment. We also find that the county court should not have granted Sanford's motion to dismiss without stating any grounds for the dismissal. We assume that the dismissal was not a sanction for Jackson Mall's counsel's failure to appear at the hearing on its motion for summary judgment. We do not address the issue as to whether or not dismissal is a proper sanction for failure to appear at a hearing on a motion for summary judgment. The circuit court, therefore, was correct in reversing the county court as to Sanford's motion to dismiss.
We also note that in awarding monetary judgment for Jackson Mall, the circuit court allowed Jackson Mall reasonable attorneys' fees. The record reflects no evidence offered by Jackson Mall to support this award as being reasonable. Absent such proof, the circuit court erred in making this award.
In a different but related matter, Sanford alleges that Jackson Mall Shopping Center Company, a Partnership, does not have standing to sue in this action because the lease was entered into between Sanford and Jackson Mall, Inc. The lease itself lists Jackson Mall, Inc., with an address of 2101 Magnolia Avenue, Birmingham, Alabama, as the landlord. The lease was signed for Jackson Mall, Inc., by its president, C.R. Dudley, Jr. Mr. Sanford argues that this defect in the pleadings prevents Jackson Mall, a Partnership, from having standing to sue. However, Mr. Sanford does not allege in his pleadings that, under Mississippi Rules of Civil Procedure 17, Jackson Mall, a Partnership, is not the real party in interest. Furthermore, Mr. Sanford admits in his response to request for admissions that the lease was signed by plaintiff, Jackson Mall, a Partnership.
This issue is not preserved for appeal here since it was not contested below; however, we do not interpret M.R.C.P. 17 to *231 prohibit the parties from developing this question on remand.
We affirm the circuit court's judgment which reversed the county court's granting Sanford's motion to dismiss. We reverse the circuit court's judgment which reversed the county court's denial of Jackson Mall's motion for summary judgment. We remand to the circuit court for further disposition not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR TRIAL ON THE MERITS.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.