538 So.2d 776 (1989)
Reginald CARPENTER, Ronald Carpenter and Willie R. Carpenter
v.
Roy E. HAGGARD, et ux.
No. 58033.
Supreme Court of Mississippi.
February 1, 1989.
Travis H. Bryant, Jacksonville, Fla., for appellants.
Charles R. Mayfield, Jr., Mayfield & Mayfield, Jackson, for appellees.
Before HAWKINS, P.J., and PRATHER and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
This case presents an appeal from the chancery court of the First Judicial District of Hinds County dismissing a complaint to partite realty because the plaintiffs failed to deraign title. While the complaint is *777 subject to a motion to make it more specific and definite under Rule 12(e) of the Mississippi Rules of Civil Procedure, it does survive a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. We reverse.

FACTS
On September 23, 1986, Reginald Carpenter, Ronald Carpenter and Willie R. Carpenter, residents of Chicago, filed a suit to partite a small tract of realty of approximately ten acres in the First Judicial District of Hinds County. A number of parties were named as defendants, including Roy E. and Betty Haggard, and Joseph Ezra Bearden. An amended complaint was filed November 10, 1986.
From the complaint and attached exhibits it is alleged that on January 27, 1949, L.E. Meyers executed a warranty deed unto Guy Carpenter and Mrs. Emma Carpenter as tenants in common to the ten acres involved in this action, and that Marion Carpenter was their sole and only child. The complaint further alleges that Reginald and Ronald Carpenter who, according to the exhibits were born March 1, 1949, and December 1, 1951, are the sons of Marion, and Willie is his widow. Willie, according to an exhibit, married Marion December 13, 1963, and as such would be the sons' stepmother. The complaint likewise alleges that Marion died October 12, 1978, and that when Guy Carpenter died, his widow Emma married J.E. Bearden.
The complaint does not enlighten the reader on whether Emma Carpenter Bearden is living or dead. It does inform us that "all named died intestate."
As to the plaintiffs' interest the complaint alleges that Willie owns an undivided one-sixth interest, and that Reginald's and Ronald's interest totals an undivided seven-twelfths interest. The mathematical computation escapes us, it appearing that if Emma is living Bearden would own nothing and the plaintiffs would each own an undivided one-twelfth interest, with Emma owning nine-twelfths, or a three-fourths undivided interest. And, if Emma has died intestate, then Bearden would own one-third of her interest, or 18/48 and Ronald and Reginald 9/48 each. This would leave Reginald and Ronald the owners of an undivided 13/48 interest, each in the entire tract Bearden the owner of an undivided 18/48 interest therein, and Willie the owner of an undivided 4/48 interest therein. The plaintiffs, or this Court, may very well be mistaken as to just what interest each of the parties own in the land.
For our purposes the complaint clearly and unmistakably alleges sufficient facts which, if true, show that the plaintiffs do own some interest in the land.
On December 3, 1986, the Haggards filed a Mississippi Rules of Civil Procedure 12(b)(6) motion to dismiss. The motion first states there was no deraignment of title. It further states the complaint fails to aver Guy and Emma were husband and wife, that Marion was their natural or adopted child, or that "as a matter of law or in fact" the plaintiffs are "heirs" of Marion's.
The motion goes on to charge that there is no documentation or allegation of the date of death of Guy, or whether the limitations of actions under Miss. Code Ann. § 15-1-7 has been met.
The chancellor sustained the motion and dismissed the complaint for failure to deraign title. The plaintiffs have appealed.

LAW
True, the plaintiffs failed to deraign title and a scrupulous chancellor under the old school would most assuredly have sustained a demurrer. Miss. Code Ann. § 11-17-35. The Mississippi Rules of Civil Procedure (MRCP) supplanted this section, however. MRCP 81(h), Appendix B of Rules. Under the MRCP it is only necessary for the complaint to show that the plaintiff is entitled to some relief in court in order to survive a Rule 12(b)(6) motion. Lester Engineering Co., Inc. v. Richland Water and Sewer District, 504 So.2d 1185 (Miss. 1987); Busching v. Griffin, 465 So.2d 1037, 1039 (Miss. 1985); Stanton & Assoc., Inc. v. Bryant Construction Co., 464 So.2d 499 (Miss. 1985).
Because the complaint clearly alleges sufficient facts to create some undivided *778 fee simple interest of the plaintiffs in this property, the chancellor erred in sustaining the motion. Miss. Code Ann. § 11-21-3. For purposes of preparation for trial, the complaint is incomplete. It is subject to a Rule 12(e) motion to make it more definite, but not to dismissal. Stanton & Assoc., Inc., supra, 464 So.2d at 505.
While the MRCP have effected greatly needed changes in trial pleadings, we should not ignore the wisdom behind the statute requiring a complainant, in an action involving realty, to deraign title in his pleading. Deraignment of title is an abstract of information from the public land records setting forth all possible parties in interest, precisely how their interest, or claim thereto, arises. Land, unlike parties litigant, survives forever, and it is of paramount importance to the chancery court to have all parties who might be affected by a title decree or judgment made parties to the action. The plaintiff, before the case ever comes to trial, should set forth in writing facts sufficient to sustain his claim of interest. The plaintiff's attorney would be prudent to set forth in his initial complaint a deraignment of title, because the opposing party is entitled to demand it, anyway, Rule 12(e), and in all likelihood the chancellor will want such information before him before he proceeds to trial. It is inconceivable that any attorney would file an action involving title to realty without securing all this information beforehand, in any event. It should present no burden to him to set it forth in pre-trail pleadings at some point.
In this case, fortunately for the Carpenters, the complaint  while cyanotic, is not quite comatose.
REVERSED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and ZUCCARO, JJ., concur.