662 So.2d 581 (1995)
Clyde T. WEEKS
v.
William THOMAS d/b/a William Thomas Engineering Firm.
No. 92-CA-00925-SCT.
Supreme Court of Mississippi.
October 5, 1995.
*582 Jack R. Dodson, Jr., Merkel & Cocke, Clarksdale, for Appellant.
Alfred A. Levingston, Levingston & Levingston, Cleveland, for Appellee.
Before HAWKINS, C.J., and JAMES L. ROBERTS, Jr., and SMITH, JJ.
SMITH, Justice, for the Court:
Clyde T. Weeks appeals to this Court from an August 5, 1992, order of the Bolivar County Chancery Court which sustained William Thomas' Motion to Dismiss under M.R.C.P. 12(b)(6) and held in abeyance Thomas' request for sanctions pursuant to M.R.C.P. 11 until this Court renders its decision in this case.
Weeks filed a complaint and amended complaint against the William Thomas Engineering firm alleging that Weeks lost ten feet of his property, Lot 91, Manor Heights Addition to the City of Cleveland, as a result of a supposed error made in the original survey in 1966 by Thomas, or someone under his supervision and control.
Aggrieved with the chancellor's Rule 12(b)(6) dismissal, Weeks appeals, citing five issues for this Court's consideration. Issue I, concerning the chancellor's failure to specify grounds for the Rule 12(b)(6) dismissal, and Issue II, alleging that such action by the chancellor was manifestly wrong, warrant discussion. After thorough consideration of the issues presented, we find all to be without merit and we must affirm the chancellor.

FACTS
William Thomas, a civil engineer in Cleveland, Mississippi, on April 29, 1966, supplied a certificate of the plat for Manor Heights Addition to the City of Cleveland as having surveyed the properties which are in dispute in this case.
On June 18, 1992, Clyde T. Weeks filed a complaint against the William Thomas Engineering Firm alleging that he (Weeks) was the record owner of Lot 91 of the Manor Heights Subdivision in the city of Cleveland. Weeks acquired the property on October 14, 1974. When Weeks purchased the property there was a four foot tall chain link fence erected by a predecessor in title on the east side between his property and Lot 90 which was owned by Edward A. Lyons, et ux. Weeks used and occupied all lands west of the chain link fence. In early 1977 Weeks erected a cypress fence (approximately 8 feet tall) "from the back property line south past the northeast corner of his residence." The chain link fence which Lyons owned and maintained was taken down. On September 11, 1979, Richard A. and Heather A. Gooden purchased Lot 90. The Gooden's extended the wood fence "southerly to the street" and removed the remaining chain link fence.
*583 Weeks' amended complaint states that, "The Plaintiff while trying to sell this property [Lot 91] requested a survey and it was found that the fence erected by the Plaintiff encroached on Mr. and Mrs. Gooden's property some 10 feet." Weeks alleges that he lost the "fenced in property" described as the West 10 feet of Lot 90, and the loss "was the result of the error made when originally surveyed by the defendant or someone under his supervision and control." Weeks requested that the Defendant, William Thomas Engineering Firm, pay Weeks $25,000 for the loss of the ten feet of his property which diminished the value thereof. On June 30, 1992, Weeks filed an "Amended Complaint" which changed the requested relief to $2,500 in attorney's fees and expenses instead of the $25,000 in the original complaint. Weeks states this numerical reduction in the pleadings was an error.
Thomas filed a "Motion For Sanctions Under Rule 11 M.R.C.P." on June 29, 1992 alleging that Weeks and his attorney knew or should have known when the complaint was filed that it did not state a cause of action, hence the complaint was frivolous. Thomas also filed a motion to dismiss arguing insufficiency of process under Rule 12(b)(4) and that there is no such legal entity as William Thomas Engineering Firm. Thomas also requested dismissal based upon rule 12(b)(6) and stated that he was "not charged with constructing nor directing the construction of `a chain link fence' nor a cypress fence nor anything else on the subject property." Thomas argued that the complaint did not charge Thomas with having made a survey on Lot 91. Thomas argues that Weeks' alleges in his complaint that he (Weeks) became the owner of the west ten feet of Lot 90 by adverse possession, thereby losing nothing. Weeks filed suit in chancery court to establish adverse possession of this ten feet of Lot 90, but was unsuccessful.
Subsequently, Weeks voluntarily issued a quitclaim deed to Victor and Betty Jean Tarsi, the owners of Lot 92, property described as the "West 10 feet of Lot 91." Weeks stated that the Tarsi's acquired the 10 feet of property by adverse possession from November 1967, until the date of the quitclaim deed of January 8, 1990, i.e. for nearly thirteen years.
Weeks filed an amended complaint on June 30, 1992. The complaint and amended complaint was filed against the William Thomas Engineering Firm rather than William Thomas. Both complaints failed to allege that Thomas actually surveyed Lots 90 or 91. Both complaints were filed by Thomas Morris on behalf of Weeks.
The chancellor issued its order sustaining Thomas' motion to dismiss and held in abeyance Thomas' motion for sanctions until Weeks had an opportunity to appeal to this Court on the chancellor's ruling to dismiss. Weeks hired new counsel, Jack R. Dodson, Jr. to file his appeal to this Court.

Standard of Review
The Court has held that it conducts "de novo review of questions of law." Bilbo v. Thigpen, 647 So.2d 678, 688 (Miss. 1994). The Court "will not disturb the findings of a chancellor unless he is manifestly wrong or clearly erroneous, or an erroneous legal standard was applied." Jordon v. Warren, 602 So.2d 809, 812 (Miss. 1992); Bell v. Parker, 563 So.2d 594, 597 (Miss. 1990); Williams v. Evans, 547 So.2d 54, 58 (Miss. 1989). "When a chancellor's findings are supported by substantial credible evidence in the record this Court will not reverse." Jordon, 602 So.2d at 812.

DISCUSSION

I. THE CHANCERY COURT DID NOT ERR IN NOT SPECIFYING THE GROUNDS FOR DISMISSAL.
Weeks argues that the Chancery Court's order states "no specific factual or legal grounds were given for dismissing the complaint." The chancellor's order reads in part: "1. Defendant's motion to dismiss is hereby sustained. This cause is hereby dismissed with costs assessed against Weeks." Weeks urges this Court not to reach the other issues addressed herein, but to summarily remand this case to the trial court for rehearing so that findings of fact and conclusions of law can be prepared and grounds for dismissal, if any, clearly articulated. Weeks cites as sole authority, Sanford v. Jackson Mall Shopping Center Company, 516 So.2d 227 (Miss. 1987), as holding that the trial *584 court's failure to specify grounds for granting a motion to dismiss constitutes error. In Sanford, the Court considered whether the circuit court improperly reversed the county court's denial of the Jackson Mall's summary judgment motion. Weeks argues that this Court stated that the "county court should not have granted the motion to dismiss without stating any grounds for the dismissal." Id. at 230. It is certainly a better practice for trial courts to state their specific reasons and authority relied upon within their decisions. However, the quote from Sanford appears to be dicta as no authority was cited by the Court. In fact, the case law is to the contrary. We also note in Sanford that the Court stated "should not have" rather than "shall not."
There are clearly those cases which from the deficiency in pleadings is apparent on the face of the pleadings that it amounts to no pleading whatsoever. In Hamilton v. Poteet, 343 So.2d 1222, 1223 (Miss. 1977), this Court stated:
We have entertained motions to strike an abstract or motions to require a proper abstract where the defect or deficiency of the abstract was clearly apparent on the face of the abstract... . We will also entertain a motion to dismiss an appeal if appellant does not file an abstract or if the abstract filed is so deficient it amounts to no abstract if such fact can be ascertained from the abstract itself without necessitating an examination of the record... . There is no difference in failing to file an abstract and filing one so deficient that it amounts to no abstract.
In the absence of some showing that the trial court erred, this Court presumes the validity of the chancellor's factual decision in favor of the prevailing party. Gates v. Gates, 616 So.2d 888, 890 (Miss. 1993). Also, where the chancellor has made no specific findings, this Court will proceed on the assumption that he resolved all fact issues in favor of the appellee. Estate of Mason, 616 So.2d 322, 329-330 (Miss. 1993). See also Carter v. Taylor, 611 So.2d 874 (Miss. 1992); Greenlee v. Mitchell, 607 So.2d 97 (Miss. 1992); Brown v. Williams, 504 So.2d 1188 (Miss. 1987).
In reviewing the decision of the chancellor, this Court in Gilchrist Machinery Company, Inc. v. Ross, 493 So.2d 1288, 1292 (Miss. 1986), stated:
We do not consider the evidence de novo but rather apply the familiar substantial evidence/manifest error test... . This is so whether the finding be one of evidentiary fact or of ultimate fact... . Beyond this, with respect to issues of fact where the trial judge made no specific finding, we indulge in the assumption that the trial judge resolved such issues in favor of the Appellee ... at least within reason.
It is obvious from the transcript of the pleadings in this case that Weeks has merely claimed error or negligence, but failed to specifically show in what way Thomas was negligent. Thomas apparently filed a plat of Manor Heights Addition to the City of Cleveland in 1966. Thomas is now 80 years of age, closed his office several years ago and has sustained a stroke. Weeks has owned the property in question since 1974 and apparently waited until 1990 when attempting to sell his property to secure a survey.
It is apparent to this Court that Weeks' own actions in erecting the cypress fence where a previous cyclone fence was located, rather than secure the services of a surveyor to be certain of the property lines was the apparent cause of the problem in the first place, rather than the alleged actions of Thomas. Weeks lost his adverse possession suit against the Goodens and did not appeal. Weeks then voluntarily conveyed 10 feet on the opposite side of his property to the Tarsis by quitclaim deed. Week's own actions created this quagmire. It is thus readily apparent from the face of the two complaints why the chancellor dismissed on a Rule 12(b)(6); no cause of action against Thomas was stated. There is no merit to this issue.

II. THE CHANCERY COURT DID NOT ERR AND WAS NOT MANIFESTLY WRONG OR CLEARLY ERRONEOUS IN DISMISSING THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RULE 12(b)(6).
Weeks argues that his complaint and amended complaint avers that Thomas was *585 negligent, and he lost 10 feet east of the eastern boundary of his property thereby diminishing the value by $25,000. Weeks argues that the chancellor erred because the amended complaint adequately stated a cause of action for negligence.
Thomas characterizes the complaint and amended complaint as a "fishing expedition," as the two are much one and the same. Thomas questions "[b]y reading this complaint can the Court tell what error it was that the defendant made since all he had done was to prepare the original plat in 1966." Thomas cites the following paragraphs, IV and V, of the complaint:
IV. The Plaintiff, while trying to sell this property, requested a survey, and it was found that the fence erected by the Plaintiff encroached on Mr. and Mrs. Gooden's Property some ten feet. Said error was made by the William Thomas Engineering Firm, defendant herein.
V. Said fenced in property was lost by the Plaintiff, more particularly described as the west ten feet of Lot 90, Manor Heights Addition to the City of Cleveland ... that said loss was the result of the error made when originally surveyed (1966) by the Defendant or someone under his supervision and control.
Thomas argues that when Weeks built his original fence "on the east side of Lot 91, he started his measurement of his 90 foot wide Lot 91, 10 feet east of the west line of Lot 91 and when he measured 90 feet to the east, he took in the west 10 feet of his neighbor on the east, the owner of Lot 90." Thomas argues that Weeks took responsibility for his own actions in erecting the fence, and any error belongs to Weeks, not Thomas.
This Court, in adjudicating Rule 12(b)(6) motions, has held that upon a motion for dismissal pursuant to Rule 12(b)(6) M.R.C.P., for failure to state a claim upon which relief can be granted, the pleaded allegations of the complaint must be taken as true, and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss. 1990). This Court has stated that "[a] motion to dismiss under M.R.C.P. 12(b)(6) tests the legal sufficiency of the complaint... . [T]o grant this motion there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim." Busching v. Griffin, 465 So.2d 1037, 1039 (Miss. 1985).
In Carpenter v. Haggard, 538 So.2d 776 (Miss. 1989), the Court stated that "[u]nder the M.R.C.P. it is only necessary for the complaint to show that the plaintiff is entitled to some relief in court in order to survive a Rule 12(b)(6) motion," and found that the complaint clearly alleged sufficient facts "to creates some undivided fee simple interest of the plaintiffs in this property." There, the chancellor erred in sustaining the motion to dismiss. Id. at 777-78.
In the case sub judice, Weeks' complaint and amended complaint state that when he (Weeks) bought Lot 91 in 1974 there was a chain link fence approximately four feet tall between Plaintiff's residence and the residence located immediately east of his property, then owned by Edward A. Lyons, et ux. Thereafter, the Plaintiff used and occupied as his own all lands lying west of said chain link fence and, in the early part of 1977, erected a cypress fence approximately eight feet tall from the back property line south past the northeast corner of his residence. At that time, the chain link fence, then owned and maintained by Edward Lyons, et ux., was taken down. Thereafter, in 1979, after the Gooden's purchased the property, and extended the present wood fence between the two residences in question southerly to the street. At that time, the remaining chain link fence was removed by Mr. and Mrs. Gooden. Yet, Weeks alleges that he lost the west ten feet of his property due to the negligent survey. The record notes that Weeks granted a quitclaim deed to Victor and Betty Jean Tarsi the "West 10 feet of Lot 91" on the basis of adverse possession. Weeks also states that he lost ten feet by an adverse possession suit, yet he does not state which ten feet of his property  meaning either the Tarsi's on the west line of his property, *586 or the 10 feet on the east line of his property.
The facts do not show that the chancellor committed manifest error in dismissing the complaint. The action taken in replacing and erecting the new fence was that of the property owners. Weeks does not show that his injury was the result of the surveyor's negligence. The complaint is defective because it fails to show how the surveyor erred when the action taken in erecting the cypress fence in question was solely the action of Weeks. The complaint does not indicate the errors were those of the surveyor Thomas. This issue is without merit.

CONCLUSION
There are those cases where the deficiency in the pleadings is so apparent on the face of the pleadings that it amounts to no pleading whatsoever. This is certainly one of those cases. Thomas' characterization of this complaint and amended complaint as nothing more than a "fishing expedition" appears correct. Reviewing the legal sufficiency of the complaint and amended complaint under the guidelines of Busching and Carpenter, we must agree with the chancellor that Weeks' pleadings wholly fails to show any cause of action against Thomas. This Court, applying the precedent of Gates, Estate of Mason, Carter, Greenlee and Brown presumes the validity of the chancellor's fact issues as decided in favor of Thomas, even where no specific findings of fact were made by the chancellor. There is no manifest error by the chancellor. There is no merit to any issue raised by Weeks and we must affirm the chancellor.
JUDGMENT AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.