# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-IA-00275-SCT

*STATE OF MISSISSIPPI AND ROBERT ISHEE*

*v.*

*JANET DAMPEER*

### CONSOLIDATED WITH

### NO. 97-IA-00276-SCT

*STATE OF MISSISSIPPI AND ROBERT ISHEE*

*v.*

*BRITTANY DAMPEER*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/31/96 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JIM FRAISER |
| ATTORNEY FOR APPELLEE: | JOHN RAYMOND TULLOS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 06/24/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/15/99 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On November 5, 1996, Janet Dampeer and her daughter, Brittany Dampeer, by and through her mother, filed their separate complaints in the Circuit Court of Smith County against the State of Mississippi and Robert Ishee, alleging negligence on the part of Robert Ishee while in the scope of his employment with the State of Mississippi. Upon request of the Appellants, the two complaints were consolidated by an Order of the Smith County Circuit Court dated March 3, 1997. On November 8, 1996, the State of Mississippi and Ishee filed a MRCP 12(b)(6) motion to dismiss for failure to comply with the notice and

statute of limitations provisions of the Mississippi Tort Claims Act as set out in Miss. Code Ann. § 11-46-11 (Supp.1998). Such motion was denied by the trial court. Aggrieved by the trial court's denial of the Motion to Dismiss, the State of Mississippi and Robert Ishee appeal to this Court through interlocutory appeal.

## STATEMENT OF THE FACTS

¶2. On June 12, 1994, while Janet and Brittany Dampeer were parked in the Wal-Mart parking lot in Magee, Mississippi, Robert Ishee backed a Boswell Retardation Center van into their automobile. The Dampeers assert that, by reason of Ishee's negligence, both Janet and Brittany sustained serious physical injuries and thereby did incur, and will continue to incur, substantial medical expenses. They note that Ishee is an employee of the Boswell Retardation Center which is a facility owned by the State of Mississippi. In their complaint they demand judgment of and from the Appellants in the amount of $25,000, plus costs of Court.

¶3. In a letter dated June 15, 1994, the Dampeers' attorney notified the Boswell Retardation Center that he represented Dampeer advising as follows:

> This is to advise you that we represent Mrs. Janet Dampeer and her minor daughter, Brittany Dampeer, for property damage and personal injuries sustained in a motor vehicle collision which occurred on June 12, 1994 in the parking lot of Magee Wal-Mart, when your vehicle, being driven by Robert H. Ishee, struck the rear of Mrs. Dampeer's 1990 Pontiac Grand Prix.

> I shall appreciate you, or your liability insurance carrier, contacting me within the next fifteen days concerning the contents of this letter.

¶4. Subsequently, in a letter dated June 21, 1994, and addressed to Ms. Dampeer, the Mississippi Tort Claims Board wrote the following in regard to a notice of loss received from the Department of Mental Health:

> We have received notice of loss from the above agency. Please provide an estimate of repair to this agency for consideration of your claim for damages.

> If you have already sent estimates to a state agency or to the Tort Claims Board, please disregard this notice.

¶5. On November 5, 1996, the Dampeers filed their separate complaints with the Smith County Circuit Court. Subsequently, on November 8, 1996, the State of Mississippi and Robert Ishee filed their Motion to Dismiss alleging that Dampeer violated the notice provisions and the statute of limitations provision of the Mississippi Tort Claims Act. Such motion was denied on December 31, 1996. Following the denial of said motion, the Appellants filed a Petition for Interlocutory Appeal on January 14, 1997. Such petition was denied by the Circuit Court, but taken up on interlocutory appeal by this Court on February 6, 1998.

## STANDARD OF REVIEW

¶6. This Court conducts a "de novo review of questions of law." *Weeks v. Thomas*, 662 So.2d 581, 583 (Miss. 1995). A motion to dismiss under MRCP 12(b)(6) "tests the legal sufficiency of the complaint." This Court has held that "to grant this motion there must appear to a certainty that the plaintiff is entitled to no

relief under any set of facts that could be proved in support of the claim." ***Busching v. Griffin***, 465 So.2d 1037, 1039 (Miss.1985) (citations omitted). Further, this Court stated in ***Weeks v. Thomas*** that in order to survive a Rule 12(b)(6) motion, the complaint need only state a set of facts that will allow the plaintiff "some relief in court." ***Weeks****,* 662 So.2d at 583.

## ANALYSIS

### WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION TO DISMISS WHERE THE COMPLAINT WAS FILED SEVENTEEN MONTHS AFTER THE TIME FOR FILING SUIT HAD LAPSED.

¶7. In their chief assignment of error, the State of Mississippi and Ishee assert that the Dampeers' suits are barred by the one-year statute of limitations. This action is governed by the Mississippi Tort Claims Act. The Act is set out in full in Miss. Code Ann. §§ 11-46-1, *et seq*. (Supp.1998). Section 11-46-11(3) reads as follows:

> (3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp.1998).[(1)]

¶8. The Appellants correctly argue that section (3) of the governing statute laid out above demands that the complaint be filed within one year of the actionable conduct. The statute also provides that the limitation period be tolled for ninety-five days after the required notice of claim is filed with the chief executive officer of the governmental agency. Therefore, when the proper requirements of bringing a claim for injury against a governmental agency in the State of Mississippi are met, including the giving of the proper notice, the statute of limitations allows one year, plus ninety-five days in which to bring the claim.

¶9. In the instant case the accident occurred on June 12, 1994. The complaint was filed November 5, 1996, nearly two years and five months after the accident. This claim is barred by the applicable one-year statute of limitation. *See **Mississippi Dep't of Public Safety v. Stringer**, No. 97-IA-00187-SCT, 1999 WL 353025 (Miss. June 3, 1999)* (applying one-year Tort Claims Act statute of limitations to bar suit); ***Marcum v. Hancock County Sch. Dist**., No. 97-CA-00916-SCT, 1999 WL 353073 (Miss. June 3, 1999)*.

¶10. We do not discuss whether the notice of claim substantially complied with the notice of claim provision under our recent authorities set forth in ***Reaves v. Randall**, 729 So. 2d 1237 (Miss. 1998)*, and ***Carr v. Town of Shubuta**, No. 96-CT-01266-SCT, 1999 WL 62772 (Miss. Feb. 11, 1999)*. The Dampeers failed to timely file their complaints under any set of facts before us. The trial court erred in denying the motion to dismiss. We therefore reverse the judgment of the lower court and render judgment for the State

of Mississippi and Robert Ishee and finally dismiss with prejudice the complaints filed herein.

¶11. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, WALLER AND COBB, JJ., CONCUR.**

1. Effective March 25, 1999, section 11-46-11 has been further amended by 1999 Miss. Laws Ch. 469 to clarify the notice of claim requirements under the Tort Claims Act. This amendment is not pertinent to the facts of this case.