GRIFFIS, P.J.,
for the Court:
¶ 1. Close to the completion of the second lap of the race to justice, this case considers the appeal of the appeal of the county court order that granted a dismissal for want of prosecution under Mississippi Rule of Civil Procedure 41(d)(1) and denied the plaintiffs’ motion for summary judgment. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 24, 1999, Belinda Patterson and Glenda Cascio were involved in an automobile accident. Cascio rear-ended Patterson and damaged her vehicle. Patterson was reimbursed for the cost of repair by her insurance carrier, Alfa Mutual Insurance Company.
¶ 3. On February 6, 2002, Alfa and Patterson (the “plaintiffs”) filed a complaint against Cascio in the County Court of Forrest County, Mississippi. The complaint *454 asserted a claim for negligence and sought to recover $16,062.92 in damages. The claim was tried in the county court on April 11, 2003. At the close of the plaintiffs’ case-in-chief, the court granted Cas-cio’s motion for a directed verdict. The county court ruled that the plaintiffs failed to establish liability, and entered a judgment in favor of Cascio.
¶ 4. On.appeal, the circuit court affirmed the county court’s decision. On appeal to this Court, we reversed and remanded the case in part. Alfa Mut. Ins. Co. v. Cascio, 909 So.2d 174, 183 (¶ 41) (Miss.Ct.App. 2005). We held that the county court erred in when it directed a verdict in favor of Cascio. Id. at 181 (¶ 27). We reversed the county court’s judgment and remanded the case to the circuit court with instructions to remand it to the county court “for further proceedings consistent with this opinion.” Id. Our opinion also specifically held:
[W]e are not convinced that a directed verdict was proper in favor of Alfa. As we noted above, we do find that Alfa established aprima facie case of liability, such that Cascio was not entitled to a directed verdict against Alfa; yet, we believe that Cascio should have the chance to rebut the evidence presented by Alfa.
Id. at 183 (¶ 39) (emphasis added). This Court’s mandate issued on September 13, 2005, and the case was remanded to the Circuit Court of Forrest County.
¶ 5. After remand, no action was taken in this case for almost three years. On February 13, 2008, the circuit clerk issued the clerk’s motion to dismiss for want of prosecution under Rule 41(d). On March 11, 2008, the plaintiffs filed a motion for summary judgment that stated:
This cause was previously tried in the Forrest County Court .... The [pjlain-tiff[s] appealed and the Appellate Court reversed the trial court and found that the [p]laintiff[s] met their burden of proof .... There is no genuine issue as to any material fact and the [pjlain-tiff[s][are] entitled to judgment as a matter of law.
On April 10, 2008, Cascio filed a memorandum in opposition to the motion for summary judgment. On April 18, 2008, the circuit court held a hearing and entered an order that remanded the case to county court.
¶ 6. On July 17, 2008, in the county court, Cascio filed a motion to dismiss and a response to the motion for summary judgment. On October 1, 2008, the plaintiffs filed a motion for summary judgment.
¶ 7. On October 30, 2008, the county court entered an order of dismissal. The order also indicated that the motion for summary judgment was denied. The court noted that: (1) the “[pjlaintiffs have taken no action of record to move this matter forward until the Clerk’s Motion to Dismiss was filed”; (2) “in an effort to counter the Clerk’s motion ... [pjlaintiffs filed a motion for summary judgment”; and (3) the “[pjlaintiffs’ motion was not accompanied by any other information as to good cause why the case should be continued as a pending case if the Motion for Summary [Jjudgment was not granted.” The court concluded that the “[pjlaintiffs misunderstand the Court of Appeals’ decision,” and the court’s interpretation was that the Court of Appeals’ decision would not allow the county court to grant the motion for summary judgment. The county court then concluded:
Pursuant to [Rule] 41(d)(1), when the clerk of the court files a Motion to Dismiss for Want of Prosecution, the case will be dismissed unless action of record is taken or ... an application in writing is made to the court that there is good *455 cause why it should be continued ás a pending case.
¶ 8. The plaintiffs timely filed a notice of appeal. The record was completed and filed on March 19, 2009. On June 4, 2009, the plaintiffs/appellants filed their brief. They argued that the county court erred in the dismissal of the case pursuant to Rule 41(d)(1) and in the denial of the plaintiffs’ motion for summary judgment.
¶ 9. On June 5, 2009, Cascio filed a motion to dismiss the appeal and for sanctions. The motion argued that the appellants’ brief was filed late. The appellants filed their response on June 15, 2009. Cascio’s appellee’s brief was filed on July 7, 2009. The reply brief was filed on August 10, 2009. On August 11, 2009, Cascio filed a motion to strike the appellants’ reply brief on the grounds it was filed late. On July 22, 2010, the circuit judge entered an order that denied Cas-cio’s motion to dismiss the appeal and her request for sanctions.
¶ 10. On July 13, 2012, the circuit judge entered his opinion and order. The circuit judge held that the county judge erred in the dismissal of the case based on Rule 41(d). The circuit judge determined that the motion for summary judgment was a sufficient “action of record” to avoid dismissal under Rule 41(d) and that the circuit judge’s prior order of remand “was, in effect, a denial of the clerk’s motion.” The circuit judge then considered the denial of the motion for summary judgment and concluded:
Regarding the county court’s denial of Alfa’s motion for summary judgment, the supreme court has said under circumstances in which a county court denied a motion for summary judgment but granted a motion to dismiss that the county court’s order “constituted final judgment on those two motions.” Sanford v. Jackson Mall Shopping Center Co., 516 So.2d 227, 227 (Miss.1987). While the Sanford court did reverse the circuit court’s grant of summary judgment, it was because there were issues of material fact that rendered the judgment erroneous rather than as a consequence of the circuit court’s lack of authority. Id. at 228-29 (affirming circuit court’s reversal of dismissal). The supreme court has also observed that “[t]he circuit court has the authority, if a new trial is not necessary, to enter the judgment that it thinks the county court should have rendered.” Mullen v. Green Tree Financial Corp., 730 So.2d 9[, 12] (¶ 12) (Miss.1998) (internal quotations and citation omitted).
That this case has been tried, appealed, remanded, dismissed and appealed again appears to bring it within the Mullen allowance, particularly when the law of the case doctrine is applied. According to that doetrine[:]
Whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts. This principle expresses the practice of courts generally to refuse to reopen what has previously been decided. It is founded on public policy and the interests of orderly and consistent judicial procedure.
Public Employees’ Retirement System v. Freeman, 868 So.2d 327[,330] (¶ 10) (Miss.2004) ....
On the first appeal of this case, although the court of appeals ordered remand on its belief that Cascio “should have the chance to rebut the [uncontradicted and un-rebutted] evidence” presented by Alfa, it also found that “Alfa established a prima facie case of liability.” [Cascio, 909 So.2d at 183 (¶¶ 38-39) ]. Following remand to county court, Alfa filed its *456 motion for summary judgment. In response to that motion, Defendant Cascio argued not only that the clerk’s pre-remand motion to dismiss for lack of prosecution should be granted and Alfa’s motion “denied as moot” but also that the court of appeals’ reversal of directed verdict in her favor did not entitle Alfa to judgment as a matter of law.... The county court agreed in part with Cascio:
Obviously, the decision of the Court of Appeals is not tantamount to stating that Plaintiffs are entitled to Judgment as a matter of law as there is no issue as to any material fact to be tried. More precisely, the Court of Appeals expressly stated that, on remand for new trial, Defendant [Cas-cio] should have the opportunity to put on evidence to rebut Plaintiffs’ prima facie case, an opportunity that did not take place at trial because it was unnecessary once a directed verdict had been granted in favor of [Defendant at the close of Plaintiffs’ case.
... From this the county court concluded that “it would be inconsistent with the facts or the law to grant Summary Judgment. Accordingly, this trial court does not find that Summary Judgment standard of ... Rule 56[ (c) ] has been met.” ...
However, once Alfa filed its motion, Cas-cio was required to do more than just argue that the motion was moot or that the motion was based on “a clearly erroneous interpretation of the Court of Appeals’ decision.” As the opponent to Alfa’s motion, Cascio was charged with the responsibility to “rebut [it] by producing significant probative evidence showing that there are indeed genuine issues for trial.” Price v. Purdue Pharma [\ Co[.] 920 So.2d 479[, 485] (¶16) (Miss.2006).... Given Cascio’s failure to comply with that obligation, and based on this court’s review of the entire record of this case, Alfa is now entitled to judgment as a matter of law in its favor.
(Footnotes omitted). The circuit judge then concluded that “Alfa is entitled to judgment ... from Defendant Glenda Cas-cio in the amount of $15,364.87; that this judgment shall bear interest at the rate of eight percent per annum from the date of entry[;] and that the parties shall bear their own costs.” The circuit judge also entered a final judgment in favor of Alfa.
¶ 11. It is from this judgment that Cas-cio now appeals.
ANALYSIS
¶ 12. Cascio has raised four issues for our review. We have changed the order of these issues.
7. Whether the circuit court abused its discretion in denying Cascio’s motion to docket and dismiss 'plaintiffs’ appeal from county court after the brief was filed thirty-eight days late without leave of court.
¶ 13. In this issue, Cascio argues that the circuit court abused its discretion when it allowed the plaintiffs to file their brief thirty-eight days late without obtaining leave of court.
¶ 14. The record was filed on March 18, 2009. The plaintiffs brief was filed on June 4, 2009. Cascio’s motion to dismiss appeal was filed the next day, on June 5, 2009.
¶ 15. When a circuit court sits as an appellate court, the “[b]riefs filed in an appeal on the record must conform to the practice of the Supreme Court, including form, time of filing and service.... The consequences of failure to timely file a brief will be the same as in the Supreme Court.” URCCC 5.06. Therefore, the Mississippi Rules of Appellate Procedure apply.
*457 ¶ 16. Mississippi Rule of Appellate Procedure 31(b) provides that “[t]he appellant shall serve and file the appellant’s brief within 40 days after the date on which the record is filed .... ” Mississippi Rule of Appellate Procedure 31(d) permits dismissal of the appeal for failure to file timely the appellant’s brief. However, Mississippi Rule of Appellate Procedure 2(a)(2) provides that an appellant is entitled to written notice from the clerk of the deficiencies in the appeal and a fourteen-day period in which to cure any deficiencies. A “motion to dismiss cannot be substituted for an official notice of deficiencies from the court clerk. Even where a party has moved to dismiss, the plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.” Van Meter v. Alford, 774 So.2d 430, 432 (¶ 4) (Miss. 2000).
¶ 17. The plaintiffs argued that they had not been given a notice of deficiency to allow them an opportunity to cure the default prior to the filing of Cascio’s motion to dismiss. They also argued that the deficiency had been cured because the brief had been filed before Cascio’s motion to dismiss was filed. The circuit court agreed and denied the motion in the interest of “seeur[ing] a just determination of the issues remaining for the [cjourt’s decision.”
¶ 18. We find that the circuit court was correct to deny Cascio’s motion to dismiss. As a result, there is no merit to this issue.

II. Whether the county court abused its discretion in dismissing the complaint for failure to prosecute when the plaintiffs made no attempt to show good cause for their two and a half year delay.

¶ 19. Cascio makes two separate arguments that we have combined for our review. First, Cascio argues that the circuit judge erred when he conducted a de novo review, instead of an abuse-of-discretion review, of the county court’s order of dismissal for want of prosecution. Second, Cascio argues that he county court did not abuse its discretion when it granted the motion to dismiss for want of prosecution.

A. Standard of Review

¶ 20. The standard of review for dismissal for want of prosecution is abuse of discretion. Cucos, Inc. v. McDaniel, 938 So.2d 238, 240 (¶ 5) (Miss.2006). “[T]he power to dismiss an action for want of prosecution is part of a trial court’s inherent authority.” Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990). Such power is “a means necessary to the orderly expedition of justice and the court’s contrbl of its own docket.” Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). Accordingly, motions to dismiss for failure to prosecute are considered on a case-by-case basis. Holder v. Orange Grove Med. Specialties P.A., 54 So.3d 192, 197 (¶ 17) (Miss.2010) (citing Hillman v. Weatherly, 14 So.3d 721, 726 (¶ 17) (Miss.2009)).

B. Review of the Circuit Judge’s Decision to Reverse County Court’s Order of Dismissal

¶ 21. Cascio first argues that the circuit court improperly conducted a de novo review of the county court’s decision to grant the motion to dismiss. The circuit judge held that “not only did Alfa timely take action of record by filing its motion for summary judgment, the court’s order of remand shortly thereafter was, in effect, a denial of the clerk’s motion.” Cascio argues that the circuit judge erred in this decision because the Court of Appeals specifically remanded the case to the circuit court “with instructions for it to remand *458 the case to the county court for further proceedings consistent with this opinion.” Cascio, 909 So.2d at 181 (¶27). Hence, Cascio claims that the circuit court had no authority to rule on the motion to dismiss for lack of prosecution because it went beyond the specific instructions granted by the Court of Appeals.
¶ 22. The plaintiffs respond that there was no motion to dismiss for want of prosecution issued by the clerk of the county court. Thus, there was no pending motion for the county court judge to grant. They further argue, that because the case had only been on the county court docket since the remand for approximately sixty days when the plaintiffs filed their motion for summary judgment, it would have been an abuse of discretion, clearly erroneous, and manifestly wrong for the county court to dismiss the plaintiffs case for want of prosecution, since Rule 41(d)(1) requires no action to be taken on the case for twelve months. M.R.C.P. 41(d)(1).
¶ 23. We recognize that this case remained stagnant for nearly three years after this Court remanded the case back to the Forrest County Circuit Court. We also note that counsel for either the plaintiffs or Cascio could have asked the circuit judge for an order of remand during this time.[1] Neither did. Instead, no action was taken until the circuit clerk issued a motion to dismiss for want of prosecution, which stated:
TAKE NOTICE: The Motion to Dismiss the above referenced case for Want of Prosecution has been filed by the Clerk of the Court. This case will be dismissed by the Circuit Court Judge unless within thirty (30) days of the date of this notice, action of record is taken, or wntten application is made to the Circuit Court [JJudge and good cause shown why such case should not be dismissed.
(Emphasis added).
¶ 24. It is not necessary that we consider whether the circuit court implicitly denied the clerk’s motion or whether it was properly pending for the county court’s decision. As discussed in the next section, we find that timely action of record was taken that precluded the dismissal of this case under Rule 41(d).

C. Review of the Decision to Dismiss the Case Based on Rule U(d)

¶ 25. Mississippi Rule of Civil Procedure 41(d)(1), under the heading “Dismissal on Clerk’s Motion,” provides in relevant part:
Notice. In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.
¶ 26. Because the consequence of Rule 41(d)(1) is dismissal, it is directed to plaintiffs in civil actions. If there has been no action in a case for twelve months, the clerk “shall” file a Rule 41(d)(1) notice to all counsel. For the case to remain on the docket, a party must either “take action of record or show good cause as to why his claim should not be dismissed.” Pinson v. *459 Grimes, 42 So.3d 650, 652 (¶ 8) (Miss.Ct. App.2010). It is also important to note that the filing of an “action of record” is a safeguard to dismissals under Rule 41(d)(1) but not under Rule 41(b). Hill v. Ramsey, 3 So.3d 120, 123 (¶ 8) (Miss.2009).
¶ 27. Here, within thirty days of the clerk’s motion to dismiss, the plaintiffs took “action of record” when they filed a motion for summary judgment. The motion for summary judgment referenced this Court’s judicial conclusion that the plaintiffs had “established a prima facie case of liability.” Cascio, 909 So.2d at 183 (¶39). Thus, the plaintiffs claimed that the burden moved to Cascio to establish that the plaintiffs were not entitled to a judgment as a matter of law.
¶ 28. Recently, in Karpinsky v. American National Insurance Co., 109 So.3d 84, 88-89 (¶¶ 10-11) (Miss.2013), the supreme court held:
Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial. If he does pot so respond, summary judgment, if appropriate, will be entered against him.
This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the' motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the. issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party’s case, and on which that party will bear the burdén of proof at trial.
(Internal citations and quotation marks omitted).
¶ 29. There are no Mississippi cases that precisely define the term “action of record.” Wilson v. Freeland, 773 So.2d 305, 309 (¶ 13) (Miss.2000). However, in Illinois Central Railroad Co. v. Moore, 994 So.2d 723, 729 (¶ 15) (Miss.2008), the supreme court held that letters to the court are not actions of record under Rule 41(d)(1). The court reasoned:
A clear distinction exists between an “action of record,” i.e., pleadings, discovery requests, deposition notices, etc., and an ex parte “application in writing” to the court, apart from a motion. See [M.R.C.P.] 7(b)(1) (“[A]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.”). Parties advance a case to judgment through, “actions of record.” Almost without exception, parties can seek relief from the court only through motions, not via ex parte letters to clerks of the court. Correspondingly, *460 courts should speak through orders: if good cause is shown, favorably; absent good cause shown, unfavorably. Any approach to the contrary is as logical as allowing parties to request continuances, summary judgment, or a new trial by ex parte letters.
Moore, 994 So.2d at 728-29 (¶ 14) (footnote omitted).
¶ 30. This Court’s conclusion that the plaintiffs “established a prima facie case of liability” is sufficient to meet their burden of proof at trial and to shift the burden to Cascio through the motion for summary judgment. Hence, the plaintiffs’ motion for summary judgment, filed before both the circuit and county court, must be considered to “advance the case to judgment” and would be sufficient to constitute an “action of record,” which would prevent the dismissal of the action under Rule 41(d)(1).
¶ 31. Because there was an adequate “action of record” taken, there is no reason for us to address whether good cause was shown as to why the case should be continued as a pending case. M.R.C.P. 41(d)(1). As to this issue, we find no error.

III. Whether the circuit court erred in granting the ‘plaintiffs' motion for summary judgment.

¶ 32. Cascio contends that the grant of Alfa’s motion for summary judgment was improper because the motion was facially deficient. We review the grant or denial of a motion for summary judgement de novo, viewing the evidence “in the light most favorable to the party against whom the motion has been made.” Karpinsky, 109 So.3d at 88 (¶ 9). Having cited the full burden-shifting framework above, we will not cite it again.
¶ 33. The motion for summary judgment was based on this Court’s opinion, where we held:
From our review of the record, we find that at least the following evidence was put on by Alfa: testimony of Patterson to the effect that she was rear-ended by the other party named in the suit; the picture of Patterson’s car demonstrating damage to the vehicle consistent with having been rear[-]ended; testimony of Brock, a long-time Alfa claims adjuster, to the effect that Alfa reimbursed Patterson for vehicle damage and medical expenses incurred in this accident, the other party to which was the named defendant in the suit; and testimony by Patterson in response to questions on cross-examination that dealt expressly with Glenda Cascio.
There was no evidence put on by Cascio. In light of this, all of the evidence adduced by Alfa stands as uncontradicted; therefore, we find that if a directed verdict on the issue of liability was warranted in this case, then the directed verdict should have been rendered in favor of the party who put on uncontradicted and un-rebutted evidence.
However, we are not convinced that a directed verdict was proper in favor of Alfa. As we noted above, we do find that Alfa established a prima facie case of liability, such that Cascio was not entitled to a directed verdict against Alfa; yet, we believe that Cascio should have the chance to rebut the evidence presented by Alfa.
Cascio, 909 So.2d at 183 (¶¶ 37-39). Further, Presiding Judge Irving’s separate opinion opined:
I agree with the majority that, via the cross-examination of Belinda Patterson, Glenda Cascio was sufficiently identified as the other party who struck Patterson’s car from the rear, causing the injuries and damages for which suit was brought by Alfa as subrogee of Patter *461 son against Caseio. I also agree with the majority that the trial court erred in excluding evidence of Patterson’s medical damages. I further agree with the majority that Alfa presented a prima facie case of liability against Caseio. However, since Alfa presented a prima facie case that Caseio was at fault in causing the accident and Caseio failed to present any evidence to rebut the prima facie case, I believe that Alfa was entitled to a directed verdict as to liability. Therefore, I respectfully dissent. I would reverse and remand the case for further proceedings on the issue of damages only.
Id. at 184 (¶¶ 42-43) (Irving, J., concurring in part and dissenting in part).
¶ 34. The circuit court held:
[Ojnee Alfa filed its motion, Caseio was required to do more than just argue that the motion was moot or that the motion was based on “a clearly erroneous interpretation of the Court of Appeals’ decision.” As the opponent to Alfa’s motion, Caseio was charged with the responsibility to “rebut [it] by producing significant probative evidence showing that there are indeed genuine issues for trial.” [.Price, 920 So.2d at 485 (¶ 16)].... Given Cascio’s failure to comply with that obligation, and based on this court’s review of the entire record of this case, Alfa is now entitled to judgment as a matter of law in its favor.
¶ 35. This Court’s opinion is a sufficient basis to support the plaintiffs’ motion for summary judgment. Indeed, the plaintiffs established there was no genuine issue as to any material fact and that they were entitled to a judgment as a matter of law. M.R.C.P. 56(c). Caseio, as the opposing party, was obligated to respond. See Karpinsky, 109 So.3d at 88-89 (¶¶ 10-11). Upon the legal finding that the plaintiffs presented a prima facie case, the burden shifted to Caseio. Caseio did not meet the burden with any affidavits, pleadings, depositions, or the like. See M.R.C.P. 56(c). Cascio’s failure to respond allowed summary judgment to be entered.
¶ 36. Accordingly, we find that there were no genuine issues of material fact in dispute and that the plaintiffs were entitled to a judgment as a matter of law. We find no merit to this issue.
¶ 37. The judgment of the Circuit Court of Forrest County that finds “Alfa is entitled to judgment ... from Defendant Glenda Caseio in the amount of $15,364.87; that this judgment shall bear interest at the rate of eight percent per annum from the date of entry[;] and that the parties shall bear their own costs,” is affirmed.
¶ 38. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BARNES, ISHEE, MAXWELL and FAIR, .JJ., CONCUR. IRVING, P.J., ' DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND ROBERTS, J.; JAMES, J., JOINS IN PART. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY IRVING, P.J., AND ROBERTS, J. CARLTON, J., NOT PARTICIPATING.

. Rule 3.2 of the Mississippi Rules of Professional Conduct provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.” Lawyers for both plaintiffs and defendants have an obligation to “expedite litigation.”