749 So.2d 1122 (1999)
Marilyn E. KOESTLER, Appellant,
v.
MISSISSIPPI COLLEGE, Appellee.
No. 98-CA-00037-COA.
Court of Appeals of Mississippi.
July 27, 1999.
*1123 E. Michael Marks, John Stephen Barron, Jackson, Attorneys for Appellant.
Janet McMurtray, S. Kay Freeman, Jackson, Attorneys for Appellee.
BEFORE McMILLIN, C.J., DIAZ, AND LEE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Marilyn Koestler has appealed from a judgment dismissing her complaint against Mississippi College. The case was dismissed on Mississippi College's motion to dismiss for failure to state a claim upon which relief could be granted under Mississippi Rule of Civil Procedure 12(b)(6). Because of the procedural means in which the motion was handled, we conclude that the trial court's decision was, in fact, an order for summary judgment under Rule 56. Though there appear to have been certain procedural failings in resolving the College's motion, we find that Koestler waived any objection based on the procedure employed. We further find that, on the record now before us, the College was entitled to summary judgment because Koestler has failed to show that there is a legitimate dispute as to any material fact upon which the College based its right to prevail under applicable law. We, therefore, affirm the trial court.

I.

Facts
¶ 2. Koestler was enrolled as a graduate student at Mississippi College seeking a Master's Degree in Counseling Psychology. According to published standards promulgated by the College, in order to be eligible for such a degree, Koestler was required to complete two three-hour courses entitled Internship in Counseling I and Internship in Counseling II. This internship requirement consisted of "a minimum of 600 clock hours of work in counseling assignments divided into two semesters containing 3 semester hour segments and a minimum of 300 clock hours each." These internships consisted of actual work experience with a cooperating agency to which the student made direct application. Once selected to participate by the cooperating agency, the internship was performed under the joint supervision of the intern's faculty adviser and a field supervisorthe latter being a supervising authority employed by the agency itself.
¶ 3. Koestler successfully completed the requirements for Counseling I. In order to fulfill the requirements for Counseling II, Koestler applied to and was selected by Our House Shelter for Runaway and Homeless Youth, a Catholic Charities program operated in Jackson. However, before completing the required 300 clock hours of counseling assignments at Our House, the agency found it necessary to end Koestler's internship. The letter from the agency informing the College of Koestler's termination from her internship cited her difficulty in "adjusting to, and interacting appropriately and professionally with the youth of Our House."
¶ 4. Because Koestler had not received the requisite 300 hours of counseling experience *1124 to complete the course requirements of Internship in Counseling II, she received a failing grade in the course. This resulted in her not meeting the qualifications to receive her Master's Degree from the College.
¶ 5. For its failure to grant Koestler a degree, she filed suit advancing two different theories of recovery. First, she alleged that the decision to give her a failing grade and, thus, deny her a degree was a breach of the College's contractual duty of good faith and fair dealing that it owed to all of its students. Secondly, in what appears to be a claim of teacher malpractice, Koestler urged that her instructors, skilled in the area of psychiatric and mental health matters, "failed to meet the standard of care expected within the teaching profession as well as the psychiatric and counseling profession." This failure arose, according to her complaint, from her supervisors' collective failure to understand that giving her a failing grade only four days short of her expected graduation date would disturb her already fragile mental state. Koestler sought damages for her mental and emotional injuries, including alleged actual expenses of hospitalization, in the total sum of $1,100,000.
¶ 6. The College filed its motion to dismiss on August 8, 1997. Attached to the motion was a copy of the letter from Our House notifying the College of the termination of Koestler's internship. On October 13, the College additionally filed an affidavit from Koestler's instructor in Internship in Counseling II, stating that he had assigned Koestler a failing grade in the course because she had not completed the required 300 hours of counseling prior to being terminated by Our House. Though the record does not reflect the fact, both parties appear to concede that a hearing on the College's motion was held before the trial court on October 17, 1997. There is no transcript of that proceeding; however, it appears that no evidence was received at the hearing and that the proceeding consisted only of legal argument by counsel for the parties. On October 21, 1997, the trial court entered an order granting the College's motion to dismiss. The order made no findings of fact or conclusions of law beyond a determination that the motion "is well taken and should be granted."
¶ 7. Within ten days of the entry of that order, Koestler filed a motion to reconsider that, for the first time, raised the issue that the College had submitted matters for consideration by the trial court beyond the pleadings themselves, thus demonstrating the impropriety of proceeding under Rule 12(b)(6). Koestler urged that these additional submissions by the College required that the motion be treated as a summary judgment motion and that she was wrongfully denied an opportunity to present material to counter this supplemental information. She, therefore, asked that the dismissal order be set aside and that she be given a reasonable time to submit additional materials in opposition to summary judgment. The trial court denied the motion to reconsider and Koestler perfected this appeal in which she raises three issues.
¶ 8. Because of the procedural difficulties involved in this case, we have elected to discuss Koestler's issues in a different order than they appear in the appellant's brief. We will begin with consideration of whether the trial court erred in denying Koestler an opportunity to present matters outside the pleading in an effort to dispute the College's right to prevail on its motion to dismiss.

II.

The Denial of Koestler's Motion to Reconsider
¶ 9. Koestler filed a motion to reconsider claiming that the trial court permitted a violation of the procedural rules by allowing the College to file an affidavit in support of its motion to dismiss only four days prior to the scheduled hearing on the motion. Koestler correctly points out that *1125 the College's decision to file the affidavit in support of its motion took the motion outside Rule 12(b)(6). That rule says, in part, that
[i]f, on a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....
M.R.C.P. 12. That same Rule 12 goes on to say that, in the event of such a conversion, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56...." M.R.C.P. 12.
¶ 10. Koestler argues that four days did not constitute a "reasonable opportunity" to present pertinent matters in opposition to the College's motion. We find ourselves procedurally barred from reaching that question. The language of Rule 12 granting a respondent to a motion to dismiss subsequently converted to a summary judgment motion an opportunity to present further material is not self-executing. A litigant desiring to avail herself of the right to present more evidentiary material has an affirmative duty to timely raise the issue with the trial court or be deemed to have waived objection to the court proceeding on the motion. MST, Inc. v. Miss. Chemical Corp., 610 So.2d 299, 305 (Miss.1992). In that case, the Mississippi Supreme Court pointed out that Rule 56(f) provides that a party opposing a summary judgment motion who "cannot for reasons stated present by affidavit facts essential to justify his opposition..." must file an affidavit to that effect in order to claim her right to a continuance to obtain such affidavits or to pursue further discovery. M.R.C.P. 56(f).
¶ 11. The College seems to argue that Koestler should have recognized its motion as a Rule 56 motion from the beginning because of the attachment thereto of the Our House lettera matter outside the pleadings. Thus, the College argues, Koestler had over two months to present material and not the four days she suggests. Even without consideration of that argument, however, we conclude that the four day period from the filing of the later affidavit until the hearing was more than adequate time for Koestler to realize her need to gather affidavits or obtain discovery to oppose the College's motion and that her appearance and participation at the hearing on the motion waived any procedural objection she might legitimately have had at the time.
¶ 12. Because Koestler offered no compelling reason in her post judgment motion as to why she did not timely assert her right to a continuance under Rule 56(f), we cannot say that the trial court was in error in denying her motion to set aside the judgment of dismissal and reopen the case.
¶ 13. Having determined that this case was decided on principles relating to summary judgment and that any procedural defects in proceeding in that manner were waived by Koestler, we must next turn to the issue of whether, on the present state of this record, the trial court was correct in awarding summary judgment to the College.

III.

Is There a Disputed Issue of Fact Concerning Koestler's Compliance with Internship Requirements?
¶ 14. Koestler argues that the chancellor erred in dismissing her complaint because she alleged that she had completed more than 600 hours of internship work. Her argument appears to be based on a claim that she completed enough excess counseling hours while finishing Internship in Counseling I to meet any shortfall in hours caused by her untimely termination from Our House. Koestler points to nothing in the printed material filed with her complaint that would suggest that the College had a policy of permitting *1126 excess hours from one course to be rolled over into the second required course. Neither did she file an affidavit or point to any discovery responses that would indicate that there was a legitimate issue of fact as to whether the College would permit such a deviation from its printed course requirements. Her professor's affidavit filed in the proceeding stated directly to the contrary:
The syllabus for Internship in Counseling I and II, two separate three (3) hour courses, clearly states that a minimum of 600 clock hours of work in counseling assignments divided into two (2) semesters containing three (3) semester hour segments and a minimum of 300 clock hours each is required to complete the course. (emphasis supplied).
¶ 15. That affidavit is uncontradicted, as is the assertion that Koestler did not complete 300 clock hours of counseling in furtherance of completion of the Internship in Counseling II course.
¶ 16. Koestler's only attempt to demonstrate that there was a disputed issue of fact as to whether she had completed the internship requirement was the allegation of her complaint that she had completed over 600 hours and that her professor told her to complete the second course "in the spirit of internship." Even if that allegation were given the most liberal of readings to say that proof that such a statement was made created an issue of fact as to whether her excess hours in the first course could be used in satisfaction of the requirements of the second course, there is the evident problem that Koestler "may not rest upon the mere allegations ... of [her] pleadings in opposing summary judgment." M.R.C.P. 56(e). Rather, she was required to affirmatively come forward with affidavits or other permitted means to "set forth facts showing that there is a genuine issue for trial." Id.
¶ 17. Thus, we conclude that this issue is without merit.

IV.

The Failure of the Trial Court to Make Findings
¶ 18. Koestler claims that the trial court committed reversible error in failing to make findings and conclusions to support its decision to dismiss. She relies on Sanford v. Jackson Mall Shopping Center, 516 So.2d 227 (Miss.1987). The Sanford decision addressed a situation where it was entirely unclear as to whether the dismissal was on the merits or as a sanction for counsel failing to appear at a hearing. Id. at 230. Unlike Sanford, the case now before us was, on the face of the order, based upon the merits of the College's motion. We further observe that our review of the grant of summary judgment is de novo. Pace v. Financial Sec. Life of Mississippi, 608 So.2d 1135, 1138 (Miss. 1992). Therefore, unlike many other situations where this Court must review a decision of the trial court, the rationale behind the trial court's decision in this instance would not be particularly helpful. For that reason, we do not find the absence of findings of fact and conclusions of law to be reversible error.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
MOORE AND PAYNE, JJ., NOT PARTICIPATING.