CARLTON, J.,
for the Court:
¶ 1. Joyce Banks filed suit against Brinker Mississippi Inc., as the owner and operator of a Chili’s restaurant in Southa-ven, Mississippi, alleging that Chili’s breached its duty to keep its premises in a reasonably safe condition after Banks suffered injuries from falling in a hole in the Chili’s parking lot. The DeSoto County Circuit Court granted Brinker’s motion for summary judgment. Banks now appeals from that judgment. Finding no error, we affirm.
FACTS
¶ 2. On February 17, 2012, Banks filed a complaint in the Desoto County Circuit Court alleging negligence against Chili’s, among other defendants.[1] Banks claims that on February 20, 2009, she was injured when she stepped in a hole and fell while in the parking lot of Chili’s. Banks alleged that she was a business invitee and that Brinker, the owner and operator of the Chili’s, was negligent for failing to maintain the parking lot in a safe condition; failing to warn her of the condition; *390 and failing to conduct a reasonable inspection of the parking lot.
¶ 3. Banks alleges that on February 20, 2009, the day of her injury, she traveled from her home in Germantown, Tennessee, to Tunica, Mississippi, to visit a friend. Banks and her acquaintances then traveled to Southaven to see a movie. They decided to eat before going to the movie, and Banks suggested that they eat at the International House of Pancakes (IHOP). The Chili’s restaurant was located next to IHOP, and each restaurant had a separate parking lot. Banks admitted that she parked in the Chili’s parking lot, although she did not intend to patronize Chili’s. Banks stated that at the time they arrived in the parking lot, she believed she was parking in the IHOP parking lot. Banks claimed that she fell in the parking lot while walking to her car after eating at IHOP and suffered a fractured patella.
¶ 4. On October 5, 2012, Brinker filed a motion for summary judgment on the grounds that since Banks did not intent to patronize Chili’s when she parked on Brinker’s property, she failed to constitute a business invitee, and therefore Brinker only owed her the duty accorded a licensee. Brinker also claimed that Banks failed to provide evidence that the alleged condition of the parking lot constituted willful and wanton conduct. On February 22, 2013, the trial court heard Brinker’s motion for summary judgment and Banks’s ore tenus motion for a continuance. On February 25, 2013, the trial court entered its order denying Banks’s motion for a continuance and granting Brinker’s motion for summary judgment. The trial court found that Banks was, at best, a licensee and that no genuine issue of material fact existed to show that Brink-er violated its duty not to willfully and wantonly injure Banks.
¶ 5. Banks now appeals, arguing that the trial court erred in granting Brinker’s motion for summary judgment.
STANDARD OF REVIEW ¶ 6. This Court applies a de novo standard of review to a trial court’s grant of summary judgment. The evidence must be viewed in the light most favorable to the nonmoving party. Russell v. Orr, 700 So.2d 619, 622 (¶ 8) (Miss.1997). In Galloway v. Travelers Insurance Co., 515 So.2d 678, 684 (Miss.1987), the supreme court explained that
[w]hen a party opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial[ ] fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to [a] judgment as a matter of law.
See M.R.C.P. 56(c) (A motion for summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law.). “The appellate court does not try issues on a Rule 56 motion; it only determines whether there are issues to be tried.” Seymour v. Brunswick Corp., 655 So.2d 892, 895 (Miss.1995). “The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense.... [T]he existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.” Simmons v. Thompson Mach, of Miss. Inc., 631 So.2d 798, 801 (Miss.1994) (citing Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985)).
DISCUSSION
¶ 7. Banks argues that the trial court erred when it granted Brinker’s mo *391 tion for summary judgment. Banks asserts that a disputed issue of material fact exists as to whether Banks constituted an invitee or licensee of Brinker’s property. Brinker moved for summary judgment on the grounds that Banks failed to constitute a business invitee because Banks did not intend to patronize Chili’s when she parked on Brinker’s property, and therefore Brinker owed her only the duty accorded a licensee. Banks argues that Brinker received an economic advantage by her presence on its property and that Brinker invited members of the public to use its parking lot and patronize neighboring businesses.
¶ 8. To recover for negligence, a plaintiff must prove each of the elements of a negligence claim: (1) duty, (2) breach of duty, (3) causation, and (4) damages. Todd v. First Baptist Church of West Point, 993 So.2d 827, 829 (¶ 10) (Miss. 2008). In Daulton v. Miller, 815 So.2d 1237, 1239 (¶ 6) (Miss.Ct.App.2001), this Court explained that “[t]he starting place for a negligence suit ... is to identify the nature of any rights the injured party had to be on the property where the injury occurred.” The Daulton court cited Little ex rel. Little v. Bell, 719 So.2d 757, 760 (¶ 15) (Miss.1998), wherein the supreme court defined the following statuses:
1) An invitee[2] is a person who enters the property of another in response to an express or implied invitation of the owner or occupant for the mutual advantage or benefit of the parties involved.
2) A licensee is a person entering another’s property for his own benefit or pleasure. 3) Finally, a trespasser enters premises “without license, invitation or other right.”
Daulton, 815 So.2d at 1239 (¶ 6). (internal citation omitted).
¶ 9. Once the injured party’s status has been identified, the landowner’s duty to the injured party must next be determined. Id. at (¶ 7). We have recognized that “[a]n invitee is owed the highest duty. The landowner must provide property that is ‘reasonably safe[,] and when not reasonably safe [the landowner must] warn only where there is hidden danger or peril that is not plain and open view.’ ” Id. (citations omitted). However, “a licensee or trespasser is owed only the duty to have the landowner ‘refrain from willfully or wantonly injuring him.’ ” Id.
¶ 10. The next step is to determine whether the landowner or business operator breached its duty. Leffler v. Sharp, 891 So.2d 152, 156 (¶ 10) (Miss.2004). We recognize that the determination of a plaintiffs status can be a jury question, “but where the facts are not in dispute the classification becomes a question of law for the trial judge.” Id. (citations omitted).
¶ 11. Banks argues that she constituted a business invitee, and she claims that the economic advantage realized by Brinker as a result of the close proximity of Chili’s to other businesses is evidenced through Banks’s deposition testimony.[3] In her deposition testimony, Banks explained that *392 she and her friends had no intention of going out to eat that night, but instead intended to go to a movie. Banks stated that the movie she and her friends planned to see was sold out, so they decided to go eat somewhere. They saw the sign for IHOP and decided to eat there. Banks asserts the restaurants’ close proximity to one another, as well as their close proximity to the movie theater, is the only reason that she and her friends decided to go out to eat that night; thus, she argues, it is logical to conclude that Brinker enjoyed Banks’s presence on its property as a potential for profit.
¶ 12. Banks further asserts that Brink-er failed to produce any affidavit or testimony suggesting that Brinker realized no economic advantage by Banks or other members of the public parking in its parking lot and patronizing neighboring restaurants. Banks claims that in support of its motion to dismiss, Brinker simply relies on Banks’s own testimony that she did not intend to patronize Chili’s. Banks asserts that she believed she was welcome to park in the Chili’s restaurant, though she did not realize she crossed between property lines when traveling from her car to the IHOP.
¶ 13. Brinker argues that Chili’s did not receive any actual or potential economic benefit from Banks and her acquaintances unknowingly parking in the Chili’s parking lot with the intention of eating at another restaurant; thus, Banks constituted a licensee. Brinker asserts that Banks admitted she had no intention of going to the Chili’s restaurant, and Brinker points out that Banks may have taken up a parking place that could have been used by an actual Chili’s customer.
¶ 14. In the present case, the trial court found:
[DJespite Banks’s unsupported argument that she was an invitee of the Chili’s restaurant on the day of the incident, there are no genuine issues of material fact as to the status of Banks. Pursuant to Marlon Investment Co. v. Conner, [246 Miss. 343] 149 So.2d 312[, 315] (Miss.1963), Banks was at best a licensee. She admitted she had no intention of going in the Chili’s restaurant and never did so. The court also finds that pursuant to the law regarding premises liability and the duty owed to a licensee, not to willfully or wantonly injure such person, Banks cannot prove Brinker violated this duty. See Holmes v. Campbell Properties, Inc., 47 So.3d 721, 724-25 [ (¶¶ 11-14) ] [ (Miss.Ct.App. 2010) ]. The court also disagrees with Banks’s unsupported argument that she falls into the exception from Hoffman v. Planters Gin Co. Inc., 358 So.2d 1008[, 1012] (Miss.1978), as she has set forth no actual proof of any affirmative or active negligence in the operation or control by Brinker of the Chili’s restaurant and parking lot.
¶ 15. The trial court then granted summary judgment in favor of Brinker. As the party opposing the motion for summary judgment, Banks may not rest upon her allegations or denials in the pleadings, but must set forth specific facts showing that there are indeed genuine issues for trial. See M.R.C.P. 56(e). The record reflects that Chili’s derived no benefit from Banks’s use of its parking lot. Banks failed to present evidence to show the existence of a dispute of material fact to support her claims that she constituted an invitee or that Chili’s committed any negligence. See Hudson v. Courtesy Motors Inc., 794 So.2d 999,1004 (¶ 16) (Miss.2001).
¶ 16. Our review of the record further reflects no evidence presented by Banks to show that the condition of the Chili’s parking lot was the result of conscious disregard of a serious danger, or of knowing or *393 intentional conduct. Accordingly, we End no error in the trial court’s order granting summary judgment after Ending that no genuine issue of material fact existed.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.

. On April 10, 2012, Banks non-suited claims against certain defendants who possessed no legal interest in the property where she fell, and simultaneously filed an amended complaint to substitute Brinker as the proper defendant.

. The supreme court has recognized two classes of invitees: public invitees and business invitees. Clark v. Moore Mem’l United Methodist Church, 538 So.2d 760, 763 (Miss. 1989) (citing Restatement (Second) of Torts, § 332 (1965)). A public invitee is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. Id. A business visitor, however, is invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Id.

. As stated, to constitute an invitee, a person must enter the property of another "for the mutual advantage or benefit of the parties involved.” Daulton, 815 So.2d at 1239 (¶ 6).