# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01838-COA

LINDA ROBINSON                                                          APPELLANT

v.

ROBINSON PROPERTY GROUP                                               APPELLEE
CORPORATION D/B/A HORSESHOE CASINO
AND HOTEL

DATE OF JUDGMENT:           08/19/2013
TRIAL JUDGE:                HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:  TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     DRAYTON D. BERKLEY
ATTORNEY FOR APPELLEE:      POPE SHANNON MALLETTE
NATURE OF THE CASE:         CIVIL - PERSONAL INJURY
DISPOSITION:                AFFIRMED - 01/08/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### BARNES, P.J., FOR THE COURT:

¶1.     On August 6, 2008, Linda Robinson was at the Horseshoe Casino in Tunica, Mississippi, when another patron at the casino, Arthur Johnson, stumbled and knocked a free-standing casino sign onto Linda.[1] She was immediately attended to by the casino's emergency medical technician (EMT) after the accident, but she required no serious medical attention, and she left the casino. On August 5, 2011, Linda filed a complaint against Robinson Property Group d/b/a Horseshoe Casino (Casino) in Tunica County Circuit Court,

---

[1] Because the parties have the same name "Robinson," we will address the Appellant by her first name to avoid confusion.

alleging that the Casino's sign was "negligently and improperly stowed," constituted a "dangerous condition of the property," and caused her injury.[2]  She claimed the sign was heavy, pinning her against a brick-enclosed garbage can, and two security guards had to help her sister remove the sign.  Linda also contended that the Casino was liable under the Dram Shop Act, *see* Mississippi Code Annotated section 67-3-73(4) (Rev. 2005), for serving Johnson alcohol, because he was visibly intoxicated.  Linda said that, as a result of the incident, she required rotator-cuff surgery and suffered from panic attacks.

¶2.     On August 24, 2011, the circuit court entered an order setting deadlines for discovery, stating that all discovery should be completed 120 days after service of an answer by the defendants, including "all depositions which may be of evidentiary nature as well as for discovery."  The order also stated that expert witnesses were to be designated no later than forty-five days before the deadline.  The Casino filed its answer to the complaint on September 12, 2011, denying the allegations and requesting dismissal of the action.  On December 7, 2011, Robinson requested a motion for extension of time (120 days), citing difficulty in locating Johnson for service of process.

¶3.     The Casino filed a notice of service of interrogatories, requests for production of documents, and requests for admissions on April 30, 2012.  Linda did not respond to the request for admissions until June 18, 2012, and subsequently filed a motion to amend her responses and to withdraw any admissions on August 13, 2012.  The Casino argued that it

[2] The complaint was also filed against Johnson, the casino patron who knocked the sign onto Linda.  However, Linda later conceded any claims against Johnson, and he is not a party to this appeal.

2

was prejudiced by the delay and that the requests for admission were deemed admitted under Mississippi Rule of Civil Procedure 36(a), which states:

> Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless*, *within thirty days after service of the request*, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . .

(Emphasis added).

¶4. On December 6, 2012, the Casino took Linda's deposition. The Casino filed a motion for summary judgment on May 20, 2013, and a hearing was scheduled for August 15, 2013. Three days before the motion hearing, Linda responded to the Casino's motion for summary judgment and filed a motion for a continuance. Linda's counsel noted that his mother had been terminally ill and had died on September 2, 2012, and that Linda desired to take the depositions of the Casino's employees present at the incident. The Casino replied that Linda's response was untimely and procedurally improper and requested that its summary-judgment motion be granted. At the August 15 hearing, Linda's counsel conceded the claim under the Dram Shop Act, acknowledging that there was "no proof that [Johnson] was served and he was visibly intoxicated."

¶5. The circuit court denied Linda's motion for a continuance and granted the Casino's motion for summary judgment, concluding that Linda failed to show a breach of duty for the premises-liability claim. After the circuit court denied Linda's motion for reconsideration, she filed a notice of appeal. Finding no error, we affirm.[3]

---

[3] After the Casino's parent company and its subsidiaries filed a voluntary petition for bankruptcy on January 15, 2015, the appeal was stayed. From 2015 to 2018, the Casino

3

## DISCUSSION

**I. Whether the circuit court's denial of Linda's Mississippi Rule of Civil Procedure 56(f) motion for a continuance was an abuse of discretion.**

¶6. Linda filed a motion for a continuance under Mississippi Rule of Civil Procedure 56(f) on August 12, 2013. The circuit court denied the motion, finding that the motion was untimely and lacked a legal basis. Linda argues that her Rule 56(f) motion for a continuance should have been granted. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as it just.

Linda claims that she had wished to take the deposition of the security guard who was present at the incident but the Casino told her the employee was unavailable. She also alleges that the Casino said it would make an exemplar of the sign available to her, but failed to do so.

¶7. "The [circuit] court has sound discretion to grant or deny a continuance under Rule 56(f) . . . [and our Court] will only reverse a [circuit] court where its decision can be characterized as an abuse of discretion." *Davis v. Hindman*, 138 So. 3d 214, 217 (¶9) (Miss.

---

provided this Court with status updates on the bankruptcy proceedings. On May 30, 2018, a copy of an agreed order by the bankruptcy court was filed with this Court, which allowed Linda to proceed with her appeal against the Casino "so [Linda] may establish liability against [the Casino] for the sole purpose of recovering from either (a) any non-[r]eorganized [d]ebtor defendants, (b) any proceeds of available insurance policies issued in the name of or for the benefit of the [Casino,] . . . or (c) any third-party insurance policies that may apply[.]" The Casino moved to reinstate the appeal on September 25, 2018.

Ct. App. 2014) (quoting *Stallworth v. Sanford*, 921 So. 2d 340, 342-43 (¶9) (Miss. 2006)). We agree that Linda's motion was untimely. Rule 4.03(2) of the Uniform Rules of Circuit and County Court Practice required that Linda file a reply to the Casino's motion for summary judgment within ten days.[4] However, Linda did not file her motion for a continuance until three days before the summary-judgment hearing, almost three months after the Casino filed its motion.

¶8. Furthermore, "Rule 56(f) is not designed to protect litigants who are lazy or dilatory." *Stallworth*, 921 So. 2d at 343 (¶11). In *Stallworth*, the Mississippi Supreme Court affirmed a circuit court's denial of the plaintiff's Rule 56(f) request for a continuance because the plaintiff had notice of her claim two years prior to the summary-judgment proceedings, had filed unsworn answers to interrogatories, and had failed to submit an expert's affidavit to support her claim against the defendant physicians. *Id*. at 342-43 (¶¶7-11); *see also Hill v. Warden*, 796 So. 2d 276, 279 (¶9) (Miss. Ct. App. 2001) (finding no abuse of discretion in circuit court's grant of summary judgment due to plaintiff's nineteen-month delay before requesting to take deposition of physician).

¶9. Here, Linda had two years to conduct discovery but never issued a notice of a Mississippi Rule of Civil Procedure 30(b)(6) deposition, and her claim that the casino employee was not made available is not supported by the record. Responding to an e-mail regarding Linda's deposition, the Casino's attorney replied:

> I'm checking with my client to determine the likely availability of witnesses on expected topics, *though I can't be sure of the topics until I get your* [*Rule*

---

[4] Rule 4.03(2) was amended and renumbered as Rule 4.02(2) effective July 1, 2017.

*30(b)(6)*] *notice*. I'm checking on the availability of Security Manager, Luke Owens, and Kelly Bland and Arthur Logan (EMT and Supervisor related to incident).

(Emphasis added). Additionally, although Linda's counsel had been dealing with personal issues (the illness and death of his mother), he failed to inform the Casino or the circuit court of these issues until well after discovery responses were due. A litigant who desires to present additional evidentiary material "has an affirmative duty" to raise the issue in a timely manner "with the [circuit] court or be deemed to have waived objection to the court proceeding on the motion." *Koestler v. Miss. College*, 749 So. 2d 1122, 1125 (¶10) (Miss. Ct. App. 1999) (quoting *MST Inc. v. Miss. Chem. Corp.*, 610 So. 2d 299, 305 (Miss. 1992)).

¶10. In light of the preceding facts, we find nothing to support Linda's claim that the circuit court's denial of her motion for continuance was an abuse of discretion.[5]

## II. Whether the circuit court erred in granting the Casino's motion for summary judgment.

¶11. This Court's standard of review of a circuit court's grant of summary judgment is de novo. *Freeman v. CLC of Biloxi LLC*, 119 So. 3d 1164, 1168 (¶11) (Miss. Ct. App. 2013) (quoting *Haggard v. Wal-Mart Stores Inc.*, 75 So. 3d 1120, 1124 (¶8) (Miss. Ct. App. 2011)). "Summary judgment is appropriate and 'shall be rendered' if the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶10)

---

[5] Regarding Linda's other motion to amend her responses to the request for admissions, the circuit court found the issue moot based on its holding.

(Miss. 2013) (quoting M.R.C.P. 56(c)).

¶12.    The circuit court noted that Linda had provided "no medical expert to testify to proximate causation."  Linda argues that her testimony and medical bills were sufficient proof of causation and that she is not required to provide expert testimony to prove the Casino's breach of the standard of care.  Linda is correct in one respect—"[t]he general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury."  *Wal-Mart Stores Inc. v. Johnson*, 807 So. 2d 382, 388 (¶15) (Miss. 2001) (citing *Hammond v. Grissom*, 470 So. 2d 1049, 1052 (Miss. 1985)).  However, in *Downs v. Ackerman*, 115 So. 3d 785, 790-91 (¶18) (Miss. 2013), the Mississippi Supreme Court determined that although "[a plaintiff's] medical bills established a presumption that those bills were reasonable and necessary for the treatment of her injuries, *her medical bills were not prima facie evidence that the accident was the proximate cause of [her] injuries*."  (Emphasis added).  Regardless, the circuit court only referenced the lack of medical-expert testimony as "further justification for granting summary judgment," finding the breach issue dispositive.

¶13.    "[T]o prevail on a negligence claim, a plaintiff must establish by a preponderance of the evidence each of the elements of negligence:  duty, breach, causation and injury."  *Lee v. G & K Servs. Co.*, 98 So. 3d 489, 493 (¶12) (Miss. Ct. App. 2012) (quoting *Paz v. Brush Engineered Materials Inc.*, 949 So. 2d 1, 3 (¶5) (Miss. 2007)).  Because Linda was a patron of the Casino, she was considered an invitee.  "[A]n invitee is owed the highest duty.  The landowner must provide property that is 'reasonably safe, and when not reasonably safe the

7

landowner must warn only where there is hidden danger or peril that is not plain and open view.'" *Banks v. Brinker Miss. Inc.*, 146 So. 3d 388, 391 (¶9) (Miss. Ct. App. 2014) (quoting *Daulton v. Miller*, 815 So. 2d 1237, 1239 (¶7) (Miss. Ct. App. 2001)).

¶14. The Casino's sign was located along the edge of a walkway. An allegedly intoxicated patron, Johnson, fell into the sign, causing this sign to fall on Linda for a few seconds until it was pulled off of her. The circuit court observed: "Other than hearsay statements— Linda's claim that the security guards said the sign was heavy—Linda shows nothing regarding negligent placement or the inherent danger of the sign." Furthermore, as discussed, Linda did not depose any Casino employees during discovery and did not provide any exemplar of the sign or expert testimony as to proximate causation.[6] Accordingly, we agree with the circuit court's finding that Linda failed to provide any evidence the Casino breached a duty to her as an invitee and that the sign constituted a "dangerous condition."

¶15. Linda further argues that an intoxicated guest should be considered a "dangerous condition of the premises." She cites *D'Amico v. Christie*, 518 N.E. 2d 896, 899-901 (N.Y. 1987), which states that a landowner may be liable for injuries caused by an intoxicated guest under its control. However, although Linda claimed that a Casino employee told her Johnson had been drinking all morning, she provided no proof that Johnson was, in fact, intoxicated

---

[6] A video of the incident, which purportedly refutes Linda's claims concerning the details of the incident, was viewed by the trial court. Linda moved to strike the evidence. Linda contends the video was incomplete, even though the Casino's video-surveillance operator authenticated the video, stating it had not been edited or altered. The Casino claims this video is part of the record on appeal, but this Court did not discover any video evidence in the record. Nevertheless, the circuit court stated that it did not rely on the video evidence in making its determination to grant summary judgment, finding Linda's motion to strike moot; so we find the video irrelevant to our disposition.

or that the Casino was aware that Johnson was intoxicated. In her deposition, she acknowledged:

> Q. Okay. Did you ever speak to anyone who noticed [Johnson] was inebriated before this incident?
>
> A. No.
>
> Q. Okay. And I think you've testified , but do you have any idea how long [Johnson] had been at [the] casino, the elderly gentleman had been at Horseshoe Casino?
>
> A. No. Other than what they said that he'd been drinking all morning. I don't know if – you know, what constitutes morning.
>
> Q. Or do you know what constitutes drinking? Do you know how much he had [consumed]?
>
> A. No, I don't.
>
> Q. Do you know if, in fact, [Johnson] was legally intoxicated or intoxicated at any particular level?
>
> A. No.

Furthermore, Linda's counsel stipulated to dropping the Dram Shop Act claim at the summary-judgment hearing, noting there was no proof Johnson "was visibly intoxicated."

¶16. "[S]ummary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky*, 109 So. 3d at 89 (¶10-11) (internal quotation marks omitted) (quoting *Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010)). We find Linda has not provided sufficient evidence to establish that a dangerous condition existed on the premises and that the Casino breached any duty owed to

her as an invitee.  Accordingly, we affirm the circuit court's grant of the Casino's motion for

summary judgment.

¶17.    **AFFIRMED.**

**GRIFFIS, C.J., CARLTON, P.J., WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.  McDONALD, LAWRENCE AND McCARTY,  JJ., NOT PARTICIPATING.**